HENRY F. SMITH, Respondent, *v.* THE GLEN'S FALLS INSUR-
ANCE COMPANY, Appellant.

Where an insurance company, after a loss, has adjusted the claim therefor
and has agreed to pay a certain sum. in consideration of the surrender
by the assured of his policy, in an action to recover the amount so
agreed to be paid, the company cannot avail itself, as a defence, of a
clause in the policy limiting the time within which an action can be
brought thereon; the action is not upon the policy but the independent
agreement.

Nor can it, in the absence of fraud, set up a breach of warranty as a
defence, though ignorant of such breach at the time of the agreement;
the time for investigation as to breaches of warranty is when a claim is
made, and if the company elects to adjust the claim this operates as a
waiver of any warranty and it cannot afterward retract or avail itself
of an alleged breach.

Where a court or referee refuses, upon request, to find a material fact,
and an exception is taken, if the fact is conclusively proved, the excep-
tion is available in this court; but if not conclusively proved the
remedy is by motion in the court below, to require a finding as to the
fact, and an order denying such motion is reviewable here upon appeal
from the judgment.

(Argued April 23, 1875; decided May 25, 1875.)

APPEAL from judgment of the General Term of the
Supreme Court in the fourth judicial department, affirming a
judgment in favor of plaintiff, entered upon a decision of the
court, on trial at Circuit without a jury.

The complaint alleged the issuing of a policy of fire insur-
ance by defendant to one John White and damage to the
property by fire; that after such partial loss it was agreed
between defendant and the assured, that the latter should
surrender the policy to be canceled, and defendants should

pay $1,275 and the unearned premium, and that the policy was accordingly surrendered and canceled. The court found all the facts as alleged, save that the sum agreed to be paid was $1,258, for which sum judgment was directed. The policy contained a clause that no action could be maintained thereon unless brought within twelve months after a loss. It also contained a condition that if the property was incumbered by mortgage or otherwise it must be expressed in the policy or the insurance would be void. Evidence was given tending to show that there were incumbrances on the premises not expressed in the policy. But there was no finding upon that subject or request to find.

*W. F. Cogswell* for the appellant.

*J. C. Cochrane* for the respondent.

CHURCH, Ch. J. The judge before whom the action was tried found the facts as stated in the complaint, except that the amount agreed to be paid for the loss was slightly less than the sum stated. The evidence is sufficient to justify the findings, and we cannot review them.

According to the facts thus found, the action is upon a special contract made subsequent to the loss, by which the defendant agreed to pay a specified sum in consideration that the assured would cancel the policy, which he did. If such a contract was made, as we are bound to assume, the objections to the judgment cannot be sustained. The answer to the limitation of time provided in the policy for commencing the action is, that the action is not upon the policy, but upon the special agreement. True, the agreement is founded upon the policy, but the claim for the loss under the policy has been liquidated and changed into a different form, to wit, the promise of the company to pay a specified sum, and this upon a new consideration. Suppose the agreement had been reduced to writing, or a note given for the amount, would the limitation of time for bringing the action upon

the policy have applied to these obligations? Clearly not. The circumstance that the new contract rested in parol, does not affect this question.

The objection that there was a breach of warranty as to title and incumbrances is not available, for two reasons. 1. There was no request to find the fact of a breach, and no exception to a refusal so to find. One of the exceptions states that it is for the refusal and omission to so find, but it nowhere appears that any such request was made. If a referee or judge refuses upon request to find a material fact, and an exception is taken, and such fact is conclusively proved, the exception will be available in this court; but if not conclusively proved, the remedy is by motion to the court below to require a finding as to the fact, and an order denying such motion will be reviewed in this court upon an appeal from the judgment. Here there appears to have been no request to find, and it has been repeatedly held that we will not look into the evidence to reverse a judgment. 2. The settlement and contract to pay a specified sum operates as a waiver of any warranty in the policy unless the settlement and contract were procured by the fraud of the assured, and this is not found and scarcely claimed. It is said that the company did not know of the breach of the warranty at the time of the settlement. The answer is, that when the claim was made for the loss the company was required to ascertain the facts as to any breach of warranty. If they saw fit to pay the claim, or compromise it, or to make a new contract without such examination, it must be deemed to have waived it, and in the absence of fraud it cannot afterward avail itself of such breach. It cannot urge payment or settlement by mistake on account of a want of knowledge of such breach. The time for investigation as to breaches of warranty is when a claim is made for payment, and if the company elects to pay the claim, or what is equivalent, to adjust it by an independent contract, it cannot afterward, in the absence of fraud, retract or fall back upon an alleged breach of warranty. (53 N. Y., 144.)

There is no finding upon which an allegation of fraud in obtaining the new contract can be predicated.

The judgment must be affirmed.

All concur.

Judgment affirmed.