WASHINGTON BELT et al., Appellants, *v.* THE AMERICAN CENTRAL INSURANCE COMPANY, Respondent.

FIRE INSURANCE — CHANGE IN POLICY — SETTLEMENT OF LOSS UNDER MISTAKE — REMEDY OF INSURED. The insured, under a fire policy, delivered the policy to the company for a reduction of rate; the next day a fire occurred, and soon thereafter the company returned the policy, with an indorsement dated several days before the fire, by which the rate was reduced and the co-insurance clause changed from eighty per cent to a full hundred per cent clause, which lessened the amount payable under the policy; the insured thereupon made out proofs of loss on the basis of the full co-insurance clause, received a check for the amount so arrived at, and gave a receipt in full settlement of all claims under the policy. Thereafter the insured brought an action against the company to have the policy reformed and the settlement set aside, and to recover the amount payable under the policy as originally issued — claiming that, until after receiving the check and giving the receipt, he had supposed that the change in the policy was made before the fire; that he had subsequently become satisfied that the change in the policy occurred after the fire, which fact was known to the company and not disclosed to him; and that his acceptance of the smaller amount due under the policy was not the result of any settlement involving any dispute as to the terms of the policy. *Held*, that the action was maintainable as one based upon an alleged mistake on the part of the plaintiff, and a state of facts which, if

proved, would be a fraud on the part of the defendant, which induced the plaintiff to act on his mistaken view of the situation; and that a case of accord and satisfaction was not disclosed.

*Nassoiy* v. *Tomlinson* (148 N. Y. 326), distinguished.

*Belt* v. *Am. C. Ins. Co.* (74 Hun, 448), reversed.

(Argued February 21, 1896; decided March 3, 1896.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order entered December 23, 1893, which affirmed a judgment in favor of defendant, dismissing the complaint, entered upon a decision of the court rendered at the close of plaintiff's case on trial at Special Term.

The action was brought to obtain a judgment for the return of a fire insurance policy issued by the defendant, for the restoration of it to its original terms, for the cancellation of a settlement between the parties and for the sum of $823.72, being the difference between the amount received and the amount to which plaintiffs were entitled under the original terms of the policy.

The facts, so far as material, are stated in the opinion.

*Rastus S. Ransom* for appellants. Plaintiffs' remedy was in a court of equity. (*Meyer* v. *Lathrop*, 73 N. Y. 315.) The court held that, to recover, the plaintiffs must show that both parties were laboring under a mistake, or that the defendant was guilty of a fraud. Unless the judgment appealed from can properly be upheld on this theory, it must be reversed. (*Beecher* v. *Schuback*, 53 N. Y. S. R. 74; *Kunz* v. *City of Troy*, 104 N. Y. 344; *Cohen* v. *Plonsky*, 60 Hun, 103.) The courts below seem to have disposed of the case upon the notion that the plaintiffs either agreed, when the policy was applied for by them, that the eighty per cent clause should be changed to a one hundred per cent clause, when certain repairs and alterations they contemplated making were completed, and that their brokers authorized such change, or that they accepted payment of their loss from the defendant after

full knowledge of all the facts in regard to the change, and thus ratified a new contract. This is erroneous. (148 N. Y. 81; *Fleischmann* v. *Stern*, 90 N. Y. 110; 40 N. Y. 391.) The court held that the plaintiffs, having received the money, given a receipt in full and surrendered the policy, could not make a further claim unless fraud or mutual mistake, or the mistake of one of the parties induced by the fraud of the other, was established. This language assumes that, except for the receipt in full and the surrender of the policy, the plaintiffs' claim was well founded. (*Dunham* v. *Cudlipp*, 94 N. Y. 129; *E. R. E. L. Co.* v. *Clark*, 45 N. Y. S. R. 635; *Coffin* v. *G. R. H. Co.*, 46 N. Y. S. R. 851; *Meagher* v. *Life Union*, 47 N. Y. S. R. 588; *Fleischmann* v. *Stern*, 90 N. Y. 110; *Bernap* v. *Nat. Bank of Potsdam*, 96 N. Y. 126.) The transactions between the parties do not bar plaintiffs from recovering the full amount of their loss. (*Brewer* v. *U. P. R. R. Co.*, 31 Hun, 545; *Martin* v. *M. A. I. Co.*, 40 N. Y. S. R. 17; 2 Pars. on Cont. [6th ed.] 845; *Miller* v. *Coates*, 66 N. Y. 609; *Irvine* v. *Milbank*, 15 Abb. [N. S.] 378; *Brooks* v. *Moore*, 67 Barb. 393; *Moser* v. *Mayor, etc.*, 12 Wkly. Dig. 252; *People ex rel. McDonough* v. *B. S. Asylum*, 96 N. Y. 640; *Keeler* v. *Salisbury*, 33 N. Y. 648; *Jaffray* v. *Davis*, 124 N. Y. 164; *Tripler* v. *Mayor, etc.*, 139 N. Y. 1; *Duncan* v. *N. Y. M. Ins. Co.*, 46 N. Y. S. R. 241; *Berry* v. *A. C. Ins. Co.*, 132 N. Y. 49; *Redfield* v. *H. P. Ins. Co.*, 56 N. Y. 354; *Van Tassel* v. *G. Ins. Co.*, 72 Hun, 141; *Whipple* v. *N. B. & M. F. Ins. Co.*, 11 R. I. 139; *Bliss* v. *Schwarts*, 65 N. Y. 444; *Kley* v. *Healy*, 127 N. Y. 555.)

*Michael H. Cardozo* for respondent. Even if it be assumed that not till after the occurrence of the fire did the substituted policy become effectual as a completed contract, the compromise agreement cannot be defeated upon the theory that part payment of a liquidated debt is unavailing to extinguish the debt in its entirety. (Pollock on Cont. 179, 180; *E. F. Ins. Co.* v. *R. Ins. Co.*, 7 Lans. 138, 143; *Finney* v. *Ins. Co.*, 5 Metc. 192; *Thompson* v. *A. T., etc., Ins. Co.*, 46 N. Y. 674;

Anson on Cont. 78 ; 1 Pars. on Cont. 429 ; *Thomas v. Thomas*, L. R. [2 Q. B.] 851 ; *Seymour* v. *S. F. C. Assn.*, 144 N. Y. .333 ; *Fuller* v. *Kemp*, 138 N. Y. 231 ; *McLaughlin* v. *Webster*, 141 N. Y. 76 ; *Danziger* v. *Hoyt*, 120 N. Y. 190 ; *Baird* v. *U. S.*, 96 U. S. 430 ; *Larkin* v. *Hardenbrook*, 90 N. Y. 333 ; *Kent* v. *Reynolds*, 8 Hun, 559 ; *Beach* v. *Endress*, 51 Barb. 570 ; *Ellsworth* v. *Fogg*, 35 Vt. 335 ; *Licey* v. *Licey*, 3 Barr, 251 ; *Albert* v. *Ziegler*, 29 Penn. St. 50 ; *Vanderbeck* v. *Vanderbeck*, 30 N. J. Eq. 265 ; *Jaffray* v. *Davis*, 124 N. Y. 164 ; *McKenzie* v. *Harrison*, 120 N. Y. 260 ; *Carpenter* v. *Soule*, 88 N. Y. 251 ; *Gray* v. *Barton*, 55 N. Y. 68 ; *Ferry* v. *Stephens*, 66 N. Y. 321 ; *Brooks* v. *White*, 2 Metc. 283 ; .*Schweider* v. *Lang*, 29 Minn. 254 ; *Feeter* v. *Weber*, 78 N. Y. .334 ; *People ex rel. McDonough* v. *B. S. Asylum*, 96 N. Y. .640, 642 ; *Boffinger* v. *Tuyes*, 120 U. S. 198, 205 ; 2 Pom. Eq. .Juris. § 850 ; *Bidder* v. *Bridges*, L. R. [37 Ch. Div.] 406 ; .*Cumber* v. *Wane*, 1 Str. 426 ; *O'Brien* v. *Goddard*, L. R. [9 Q. B. Div.] 37 ; *Sibree* v. *Tripp*, 15 M. & W. 26.) Even if it be conceded that the change in the policy was effected after the date of the fire, and that the plaintiffs, when they filed their proofs of loss, were ignorant as to the date at which the policy had been altered, the mistake under which :they acted was in no event a ·mistake which would justify ·the rescission of the compromise agreement either by the ·parties or by the court. (*Hyatt* v. *Clark*, 118 N. Y. 563 ; .2 Pom. Eq. Juris. § 856 ; *Grymes* v. *Sanders*, 93 U. S. 55 ; .*Dambmann* v. *Schulting*, 75 N. Y. 55 ; *Scott* v. *M., U. & W. R. R. Co.*, 86 N. Y. 200 ; *Kelly* v. *N. H. R. R. Co.*, 141 Mass. 496 ; *Combs* v. *Scott*, 12 Allen, 493 ; *P. L. Co.* v. *Green*, L. R. [7 C. P.] 43 ; *Meehan* v. *Forrester*, 52 N. Y. 277 ; *Bliven* v. *Lydecker*, 130 N. Y. 102 ; *Henry* v. *Allen*, 77 Hun, 49 ; .*S. O. Co.* v. *T. Ins. Co.*, 64 N. Y. 85 ; 3 Hun, 591 ; *Karelsen* v. *Sun F. Office of L.*, 122 N. Y. 545.) The change in the policy .of insurance became complete before the occurrence of the fire which destroyed the plaintiffs' property. (*Eames* v. *H. Ins. Co.*, 94 U. S. 621 ; *McKenzie* v. *Harrison*, 120 N. Y. 260 ; 1 Chitty on Pl. 641 ; *Dangerfield* v. *Thomas*, 9 Ad. & El.

292; *Emery* v. *Baltz*, 94 N. Y. 408, 412; *Bogardus* v. *N. Y. L. Ins. Co.*, 101 N. Y. 328; *Masterson* v. *Townshend*, 123 N. Y. 458; *I. L. Co.* v. *M. G. L. Co.*, 139 U. S. 569; *Siter* v. *Jewett*, 33 Cal. 92; *Perkins* v. *Brock*, 80 Cal. 320; *Jones* v. *Ludlum*, 74 N. Y. 61; *Ins. Co.* v. *Colt*, 20 Wall. 567.) The policy could only be reformed upon the ground of fraud, or mutual mistake, or mistake on the part of the plaintiffs coupled with fraud on the part of the defendant. (*Jackson* v. *Andrews*, 59 N. Y. 244; *Hay* v. *S. F. Ins. Co.*, 77 N. Y. 235.) The plaintiffs were bound, either before the trial or at the trial, to tender to the defendant the amount they had taken from it before they could rescind the settlement made by them with the defendant and recover back their policy and have it reformed to the condition in which it originally stood. (*Gould* v. *C. C. Nat. Bank*, 86 N. Y. 75; 99 N. Y. 333; *Hyatt* v. *Clark*, 118 N. Y. 567, 570; *McMichael* v. *Kilmer*, 76 N. Y. 36, 46; *Baumgarten* v. *Nichols*, 69 Hun, 216, 221; *Hackley* v. *Headley*, 45 Mich. 569.)

BARTLETT, J. In July, 1892, the plaintiffs, as co-partners and wool merchants, doing business in the city of New York, took out a line of insurance upon their stock, and, among other policies, was the one issued by the defendant for $5,000 to run until the 14th day of July, 1893. It appears that certain alterations were to be made in the building in which the plaintiffs were doing business, and upon their completion a lower rate of insurance was to be fixed by the defendant. On the 26th of August, 1892, the plaintiffs sent this policy to the defendant's general agents in the city of New York for the purpose of having the rates reduced. The next day a fire occurred, partially destroying the stock of goods insured. About ten days after the fire the policy was returned to the plaintiffs with an indorsement dated August 22nd, 1892, by which the rate was reduced, and the 80 per cent co-insurance clause contained in the policy at the time it was sent to the defendant on the 26th of August was changed to a 100 per cent co-insurance clause. In the latter part of October, 1892,

by agreement of the parties, the sound value of the insured property belonging to the plaintiffs at the time of the fire was fixed at the sum of $132,023.00, and the amount of loss and damage by reason of the fire was adjusted at the sum of $87,000. It was also agreed that the total insurance amounted to $103,223.00.

The trial court finds that there would be due on the policy in suit under the 80 per cent co-insurance clause the sum of $4,118.61, and under the 100 per cent co-insurance clause the sum of $3,294.88, making a difference against the insured of $823.73, the amount sought to be recovered in this action. It also finds that the plaintiffs furnished to the defendant proofs of loss, in which they stated that the policy contained the 100 per cent co-insurance clause, and they claimed that there was due on the policy the sum of $3,294.88.

Thereafter the plaintiffs received from the defendant a draft for that amount, less the usual discounts, and gave a receipt in full settlement of all claims under the policy.

It is claimed by the plaintiffs that up to a date subsequent to receiving the draft and executing the receipt they supposed that the indorsement upon the policy under date of August 22nd, 1892, was placed there prior to the date of the fire. They also state that shortly after receiving payment from the defendant they became satisfied that the change in the policy occurred after the happening of the fire, and that at the time the company's liability became fixed the policy existed in its original condition ; that the fact that the change in the policy occurred after the fire was known to the defendant and its agents and not disclosed by them to the plaintiffs ; that the acceptance by the plaintiffs of the smaller amount due under the policy was not the result of any compromise or settlement involving any dispute as to the terms of the policy. On this state of facts the plaintiffs assert they are entitled to have the policy reformed, the settlement set aside, and to recover a judgment for the difference between the amount received and the amount which would have been recoverable under the policy as originally issued.

The plaintiffs' action is thus based upon an alleged mistake on their part and a state of facts, which, if proved, would be a fraud on the part of the defendant which induced the plaintiffs to act on their mistaken view of the situation.

The defendant, by its answer, denies certain allegations of the complaint, and sets up an understanding and agreement to the effect that when the rate of insurance was reduced the policy should be subject to a full 100 per cent. co-insurance clause.

The answer further avers that the amount received by plaintiffs from defendant was with a knowledge of the facts and in full settlement and compromise of all claims under the policy.

We think the trial court erred in not permitting the plaintiffs to prove the alleged facts on which their case rests.

The record, as now presented, shows no compromise of a disputed claim; the plaintiffs proceeded with the settlement on the assumption that the policy had been changed before the fire at the request of their brokers or agents; the settlement consisted of the usual formal proofs of loss made out by plaintiffs, asking for a certain sum which the defendant paid and received therefor the receipt in full of plaintiffs, and a surrender of the policy.

It may be that the defendant, on a proper trial of this case, can prove all the defenses pleaded, and, among others, show a state of facts amounting to a compromise of a disputed claim and a payment which operated as an accord and satisfaction, but there is nothing in the present record to indicate such a settlement between the parties.

We are referred by the learned counsel for the defendant to a recent case in this court as justifying the rulings of the trial judge (*Nassoiy* v. *Tomlinson,* 148 N. Y. 326). The case cited deals with the law of accord and satisfaction where there was a dispute as to which of two specified amounts was due, and the smaller sum was accepted with a full knowledge of all the facts.

The case at bar, as now presented, discloses no such situation. The trial judge treated the settlement of the loss as if

it were a full accord and satisfaction and would not allow the plaintiffs to prove the facts constituting their cause of action.

The argument of this cause took a wide range on both sides, but, as we think a new trial must be ordered, it is unnecessary to consider the many legal questions presented.

The judgment and order appealed from should be reversed and a new trial ordered, with costs to plaintiffs to abide the event.

All concur.

Judgment and order reversed.