## PATRICK SHANAHAN v. ROCHESTER GERMAN INSURANCE COMPANY.[1]

July 10, 1914.

Nos. 18,728—(166).

**Settlement — finding sustained by evidence.**

1. The evidence sustains a finding that a settlement and compromise was effected of a claim arising from the loss of property covered by an insurance policy.

**Same — mistake of fact — finding.**

2. There being no defense pleaded that the settlement was procured through the fraud of plaintiff, such settlement is not destroyed by a finding that defendant, under a mistake of fact not known, entered into it, there being no finding that the truth would not have been ascertained upon a proper inquiry and no proof that plaintiff by any act of his induced defendant to refrain from making such inquiry.

Action in the district court for Dakota county to recover $775. The case was tried before Hodgson, J., who made findings and or-

[1] Reported in 148 N. W. 269.

---

Note.—The question of relief from mistake as to compromise and settlement is treated in a note in 28 L.R.A.(N.S.) 841. And on the question of fraud as affecting compromise, see note in 25 L.R.A.(N.S.) 308.

dered judgment for $775 in favor of plaintiff. From an order denying its motion for amended findings or for a new trial, defendant appealed. Affirmed.

*Kerr, Fowler, Ware & Furber,* for appellant.
*Converse & Grannis,* for respondent.

HOLT, J.

The defendant, an insurance company, insured plaintiff's dwelling against loss from fire in the sum of $900. A fire occurred therein, and plaintiff claims that thereafter a settlement and compromise was made between the parties, whereby defendant promised to pay and plaintiff to accept $775 in full for the loss. This action is upon the settlement and not upon the policy. Defendant admits the issuance of the policy, the fire, and, while denying a compromise, it admits an agreement, but avers its only purpose and effect was to determine the loss or damage to the building which was fixed at the sum mentioned. The answer also alleges that plaintiff procured other insurance without defendant's knowledge or consent, thereby rendering its policy void. The court found for plaintiff, and defendant appeals from the order denying its motion for a new trial.

The appellant contends that the evidence does not sustain the findings to the effect that the insured building was totally destroyed; that the loss was settled and compromised at $775, which sum defendant agreed to pay; and that plaintiff did not intentionally conceal any matter in reference to other insurance. It is true, there is no proof of total destruction of the dwelling, but this was only an incidental evidentiary matter and not a direct issue in the case. The occurrence of the fire is admitted by the answer. Whether there was a total destruction bears only on the probability of the alleged settlement, and the finding is really immaterial. The finding that plaintiff claimed $900, the full amount of the policy, and that defendant disputed the right either to that sum, or any sum, on the contention that the policy had expired and was in the name of one Lyttell, and further that the damage or loss was much less than $900, we consider amply sustained by the proof. And likewise the one that the dispute was adjusted at the sum of $775, which sum defendant agreed to pay and

plaintiff to accept in full settlement of liability upon the policy. The testimony shows that after the alleged settlement defendant caused its check for the amount to be sent to its agent for delivery to plaintiff, but the agent in the meantime learned of other insurance on the property, and that caused defendant to recall the check. We do not think it can be fairly claimed that the negotiations of the parties related alone to fixing the damage to the property insured. Defendant at no time conceded liability to the extent of the damage, in fact it claimed that the policy had expired, and, for other reasons also, denied all liability. Plaintiff as strenuously insisted that he was entitled to the full face of the policy. There was undoubtedly a *bona fide* dispute both as to liability and the amount thereof. In this situation it is reasonable to conclude that, when the parties finally agreed, the whole matter was so settled that defendant should pay and plaintiff receive a certain amount in full liquidation of his claim. No objection is made to the following finding, except to the last eight words thereof: "That at no time did the plaintiff nor anyone acting for him make any misrepresentation of fact to the defendant or its representatives as to the existence or nonexistence of any other insurance, nor intentionally conceal any matter in reference thereto." We are not convinced that the clause to which defendant takes exception, nor the whole finding quoted, in any manner affects the issues, for no fraud or misrepresentation is pleaded.

The remaining question upon this appeal is whether the facts found justify a recovery. It should be observed that the defense is not that the compromise sued on was procured by plaintiff's fraud, but that none was ever made. If the issue of a settlement went against defendant, as it did go, then the insurance policy with its terms and conditions becomes wholly immaterial, for the action is upon the compromise agreement and not upon the policy. In a similar action the court, in Farmers & Merchants Ins. Co. v. Chesnut, 50 Ill. 111, 99 Am. Dec. 492, says: "This suit is not upon the policy, but upon the new promise, and as to that, the stipulation in the policy has no application." An entirely different question would have been presented if defendant, admitting a compromise, had attacked its validity on some legal ground. We are cited to American Ins. Co. v.

Barnett, 73 Mo. 364, 39 Am. Rep. 517, but there the company came into court and asked to have the settlement of a fire loss, and the policy covering it, annulled on account of misrepresentations in procuring the insurance. The decision was not final and left it for a subsequent trial to determine whether the defense of an alleged compromise was good.

The fact that other insurance was procured after defendant issued its policy, without its knowledge or consent, and that it compromised the loss in ignorance thereof, is not sufficient to overthrow the compromise in the absence of plea and proof that plaintiff by his fraud induced it. As said in Smith v. Glen's Falls Ins. Co. 62 N. Y. 85: "The settlement and contract to pay a specified sum operates as a waiver of any warranty in the policy unless the settlement and contract were procured by the fraud of the assured, and this is not found and scarcely claimed. It is said that the company did not know of the breach of the warranty at the time of the settlement. The answer is, that when the claim was made for loss the company was required to ascertain the facts as to any breach of warranty. If they saw fit to pay the claim, or compromise it or to make a new contract without such examination, it must be deemed to have waived it, and in the absence of fraud it cannot afterward avail itself of such breach." In Kerr, Insurance, p. 444, it is said: "An adjustment or settlement of a loss cannot be opened or set aside except upon the ground of fraud or mistake of facts not known." Even where a settlement is made by the insurer upon a mistake of facts not known, the same author states he is not entitled to relief, if by inquiry he might have informed himself of the truth. Mutual Life Ins. Co. v. Wager, 27 Barb. (N. Y.) 354. A settlement binds insured as well as insurer. Wood v. Massachusetts Mut. Acc. Ass'n, 174 Mass. 217, 54 N. E. 541. The case of Stache v. St. Paul F. & M. Ins. Co. 49 Wis. 89, 5 N. W. 36, 35 Am. Rep. 772, is quite in point. There an agreement for settlement was made and the defense was that the insured falsely represented in his proofs of loss that the property at the time of the fire was still owned by him in fee simple. It was claimed the settlement was of no avail, first, because the findings of the jury established that the insured falsely represented that he was owner

when he only held a leasehold and that this was not known when the agreement to compromise was made; and, second, that insured made false statements that he was the owner in the proof of loss for the purpose of inducing the insurer to make the agreement. The court said: "Upon the first point we think the authorities are clear that the company cannot avail itself of any breach of warranty in the policy to defeat a recovery upon an agreement to pay the loss, made after the loss has occurred, and after the company has had an opportunity to investigate the facts and circumstances affecting the fairness of the loss, without any interference, deception, or fraud practiced by the insured at the time of such investigation; and that this is especially so when the agreement is a compromise of the claim at a less amount than the insured claims as his true loss." Several authorities are cited. And relative to avoiding the compromise because of the insured's fraud, it is said: "In order to entitle the defendant to judgment in its favor upon this issue it was necessary for it to show that the plaintiffs had not an absolute title to the insured property at the time of the loss; that they or some of them, knowingly, falsely and fraudulently asserted, at the time of making the settlement, and for the purpose of inducing the defendant to make the same, that they had a perfect title; that the defendant, relying upon such false assertion of title, was, in fact, induced to make the settlement alleged to have been made; and that it would not have made such settlement if such false representations had not been made." In this case there is neither finding nor proof which, under the rule above stated, would avoid the settlement even had the answer made such defense.

It is claimed that there being other insurance not consented to by defendant the policy was void and therefore no consideration to support the compromise and settlement. The policy when issued was valid. Plaintiff made claim under it, which defendant saw fit to settle. It is now too late to investigate the legality of the claim, no fraud being charged against the plaintiff. "Compromises of disputed claims fairly entered into are final, and will be sustained by the courts without regard to the validity of the claims." Sears v. Grand Lodge, A. O. U. W. 163 N. Y. 374, 57 N. E. 618, 50 L.R.A. 204.

The appellant refers to Belt v. American Cent. Ins. Co. 148 N. Y.

624, 43 N. E. 64, where the insured sought to set aside a settlement based upon his alleged mistake and a state of facts which, if proved, would be a fraud on the part of the insured, which induced the insured to act on his mistaken view of the situation. The lower court was reversed, because the insured had not been allowed to prove the fraud, namely, an alleged change in the policy made by the insurer after the fire. Incidentally it was held that no *bona fide* dispute was shown upon which the asserted compromise could rest. Upon a new trial as reported in 29 App. Div. 546, 53 N. Y. Supp. 316, the court failed to find fraud and the insurer prevailed.

The order is affirmed.