Foote, J.:
When this case was here on a former appeal we reversed a judgment for plaintiff and ordered a new trial with the following: <c Held, that in addition to the question of fact submitted to the jury, the question should also have been submitted as to whether the adjuster had the authority to bind the company by promising to pay the loss, and also as to whether there was an absolute promise upon the part of the adjuster to pay the loss.” (169 App. Div. 968.)
On the last trial the jury in addition to rendering a general verdict for plaintiff, answered questions submitted to them, as follows:
“ 1. Did Isaac P. Collins, the adjuster, have the authority to bind the defendant company by promising to pay the loss % Yes.
“ 2. Did Isaac P. Collins, the adjuster, absolutely promise to pay the loss ? Yes.
“ 3. If the jury shall answer ‘No,’ to question No. 1, then *291 let the jury answer the following question: Is the plaintiff entitled to recover upon the policy of insurance % If so, how much ? This question the jury did not answer.
``4. Did the plaintiff obtain the adjustment of the loss at $1,288.92 by fraudulent representations ? Ho.”
The trial judge instructed the jury that if there was an adjustment of the loss between defendant’s representative Collins and the plaintiff at $1,288.92 and Collins promised for the company to pay that sum and had authority to make such promise for the company, then plaintiff would be entitled to a verdict for that sum on the new agreement so made by Collins, unless defendant had satisfied them that plaintiff had been guilty of fraud in misrepresenting the amount of the property destroyed by fire, and if he was so guilty, that the plaintiff could neither recover on the new agreement nor on the policy. Also, that if the jury found against the plaintiff that Collins had not promised to pay or had not the authority, then they might find a verdict for the plaintiff for the same amount on the policy, unless plaintiff had been guilty of fraud in misrepresenting the amount of his loss.
It will be seen that the jury based their verdict upon the new agreement.
We are asked by defendant’s counsel to hold that there is no evidence whatever in the case of any agreement to settle and pay the loss, but counsel admits that on his direct examination plaintiff testified several times positively that Collins agreed absolutely to pay the loss. His point is that on cross-examination when asked to repeat his conversation with Collins he did not repeat these statements which he gave on his direct examination. I think we cannot say as matter of law that the jury were not entitled to accept his statement on direct examination.
We are next asked to hold that the court erred in denying the motion for a nonsuit and in its charge to the jury as to the effect of plaintiff’s refusal to be examined after the alleged new agreement to settle and pay the loss.
Some time after the alleged new agreement defendant caused notice to be served upon plaintiff requiring him to appear and be examined before a notary public under the terms of the *292 policy; plaintiff did so appear with his counsel and offered to submit to examination provided defendant would stipulate that plaintiff would not thereby waive any of his rights under the adjustment of his loss that had already been made. Defendant refused to give such a stipulation and plaintiff refused to be examined. If the jury had found against plaintiff on the question of the new agreement and had based their verdict wholly upon the policy, very likely this might have prevented a recovery, but the recovery here is upon the new agreement and that agreement is not controlled by the terms of the policy, and I think plaintiff would not forfeit his rights under the new agreement by refusing to be examined. (See Smith v. Glens Falls Ins. Co., 62 N. Y. 85.)
It is next urged that the court below erred in refusing to compel plaintiff to elect upon which cause of action he would rely.
In view of the manner in which the case was finally submitted to the jury, so as to permit them to find for the plaintiff upon the new agreement or upon the policy, I do not see that the plaintiff was harmed by the refusal of the court to require the plaintiff to elect, nor do T think that defendant had any absolute right to require an election.
As to the point that the court erred in not allowing defendant to cross-examine the witness Collins on the subject of his authority, I think the rulings of the court were entirely correct. Collins was defendant’s agent and adjuster. He was called as a witness for plaintiff for the sole purpose of proving that he wrote and received certain letters which plaintiff wished to put in evidence and which had been received in. evidence upon the former trial. No question was asked him as to his authority to bind the defendant company to the new agreement or as to whether he had made any new agreement. Defendant then undertook to examine him upon these subjects, which was not cross-examination but evidence in chief.
Lastly, it is urged that the court erred in refusing to permit defendant to submit any further requests to charge.
I think it will be evident upon reading the nine or ten pages of requests which the court did permit defendant’s counsel to make that the court was right in putting a limit upon further requests. But what the court in fact did was to decline to *293 make any further charges upon matters of evidence, which was entirely proper.
The judgment and order appealed from must he affirmed, with costs.
All concurred.
Judgment and order affirmed, with costs.