NORTHWESTERN FIRE AND MARINE INSURANCE COMPANY, Plaintiff, v. FRED T. LEY & Co., INC., and Another, Defendants.*

Supreme Court, Erie County, May 4, 1932.

* Affd., 238 App. Div. 255.

*Gurke & Desmond* [*Charles S. Desmond* of counsel], for the plaintiff.

*Falk, Phillips, Twelvetrees & Falk* [*Frederic R. Twelvetrees* of counsel], for defendant Fred T. Ley & Co., Inc.

*Stanley & Gidley* [*Arthur E. Otten* of counsel], for defendant Cowles Towing Company.

MacGregor, J. The plaintiff issued a policy of marine insurance to the defendant Cowles Towing Company covering a scow known as *NFP No. 8.* This policy contained the usual subrogation agreement. The scow was leased to the defendant Fred T. Ley & Co., Inc., by the Cowles Towing Company under an alleged agreement that the rental price included insurance, and that the lessee was relieved from responsibility for loss. The scow was damaged by storm. It is the claim that the damage resulted from the negligence of the lessee in failing to properly protect the scow against damage by storm. The plaintiff paid $6,000 to the lessor and the lessor retained the scow. The plaintiff claims that at the time of payment it had no knowledge that the lessee had been released from liability. The plaintiff asks for judgment in the alternative. If there was no agreement between the lessor and lessee that the lessee was released from liability, then for judgment under the subrogation clause of the policy against the lessee for its negligence resulting in the damage to the scow to the extent of the amount paid to the lessor; if there was such an agreement, then for judgment against the lessor to recover the amount paid to the lessor under the policy through mistake of fact.

The defendant Fred T. Ley & Co., Inc., contends that the defendant Cowles Towing Company, by the terms of the charter agreement, released it from liability except to the extent of $100 general average and also that it was not guilty of any negligence resulting in the loss.

The defendant Cowles Towing Company contends that it did not release the Ley company from liability and that it was guilty of negligence resulting in the loss, and also contends that conceding the release from liability there can be no recovery against it because of the fact that the payment by the plaintiff to it was in compromise of the claim.

The charter agreement was very informal. The documentary evidence of the contract was an order blank and several letters. The Cowles Company agreed with the Ley company that the rental of the scow should be twelve dollars per day, including insurance. In one of the letters the Cowles Company said, " You are relieved of all responsibility excepting the deductible average in case of a loss or disaster."

It is established by the evidence in the case that the Ley company was relieved from liability. The effect of this release was to deprive the plaintiff of any rights under the subrogation clause as against the Ley company for its negligence, if any. (*Fayerweather* v. *Phenix Insurance Co.*, 118 N. Y. 324.)

One of the questions sharply litigated upon the trial was as to the negligence of the Ley company. It is unnecessary to rehearse in detail the testimony bearing upon that point. It is established by a preponderance of the evidence that the Ley company failed to exercise reasonable care as to the mooring of the scow in the light of the knowledge that it had or should have had as to the approaching storm and also was negligent in failing to use reasonable diligence while the storm was in progress. It should have been apparent to a person of reasonable prudence that no vessel should have been left in the place in which it was without constant watch and adopting means and methods for its protection if a storm should arise. I, therefore, determine as a matter of fact that the Ley company was guilty of negligence.

A more difficult question of fact is presented as to whether the $6,000 was paid by the plaintiff in payment of the loss or in compromise of the claim for loss.

The date of the loss was September 27, 1930. Payment was made by the plaintiff to the Cowles Towing Company of the $6,000 by draft dated January 3, 1931, which recited that it was in full settlement of compromised total loss.

The plaintiff claims that the amount paid was not in compromise but was a settlement agreed upon as the amount of the loss and that it was paid without knowledge of the fact that the Ley company had been released from liability and that the provisions of the policy as to its subrogation rights had been violated.

The evidence establishes the fact that the plaintiff did not have knowledge at the time of payment of the terms of the charter agreement. It did have knowledge that there was a written agreement, but the money was paid under a belief that its right, if any, of recovery against the Ley company was unimpaired. The evidence, however, establishes the fact that the plaintiff considered the loss a total one. The amount of the policy was $7,500. It paid $6,000.

There is no testimony as to face to face negotiations between the plaintiff and the Cowles Towing Company. In view of the death of Mr. Cowles, what he actually said or did is unknown except as may be deduced from the documentary evidence and the statement of the representatives of both parties. It is probable, however, that if he were alive that much could be added. The plaintiff and he negotiated through representatives, and the circumstantial evidence drawn from the oral and documentary evidence culminating in the actual payment of the money indicates quite clearly that the plaintiff was seeking to avoid the payment of the total loss and thus save itself some money.

It does not appear from the evidence in the case that there was any intentional deception by Cowles. In fact, it might be inferred from some of the documentary evidence that he was not aware that he had released the Ley company from liability.

The plaintiff does not claim that there was any fraud. Nor does counsel claim fraud. This court cannot change the basis of the action. (*Dudley* v. *Scranton*, 57 N. Y. 424.)

The rule applicable to this situation is well stated in the case of *Smith* v. *Glens Falls Ins. Co.* (62 N. Y. 85, 87): " The settlement and contract to pay a specified sum operates as a waiver of any warranty in the policy unless the settlement and contract were procured by the fraud of the assured, and this is not found and scarcely claimed. It is said that the company did not know of the breach of the warranty at the time of the settlement. The answer is, that when the claim was made for the loss the company was required to ascertain the facts as to any breach of warranty. If they saw fit to pay the claim, or compromise it, or to make a new contract without such examination, it must be deemed to have waived it, and in the absence of fraud it cannot afterward avail itself of such breach. It cannot urge payment or settlement by mistake on account of a want of knowledge of such breach. The time for investigation as to breaches of warranty is when a claim is made for payment, and if the company elects to pay the claim, or what is equivalent, to adjust it by an independent contract, it cannot afterward, in the absence of fraud, retract or fall back upon an alleged breach of warranty."

This rule is reiterated in various cases, those most nearly in point being *Shanahan* v. *Rochester German Ins. Co.* (126 Minn. 373; 148 N. W. 269), and *Stache* v. *St. Paul F. & M. Ins. Co.* (49 Wis. 89; 5 N. W. 36.) Reference is also made to the cases of *Nat. Life Ins. Co. of United States* v. *Minch* (53 N. Y. 144); *Mutual Life Ins. Co. of New York* v. *Wager* (27 Barb. 354, 368); *Dambmann* v. *Schulting* (75 N. Y. 55).

The plaintiff's counsel relies upon the case of *Phœnix Ins. Co.* v. *Parsons* (129 N. Y. 86). In that case the plaintiff paid the loss. After payment it was discovered that by the act of the defendant the right of subrogation had been released. The defendant was required to repay the moneys that had been paid to him in settlement of the loss. It appears, however, that the full amount of the loss was paid to the insured and that there was no compromise.

There being a total loss and a compromise, there can be no claim upon the part of the Cowles Towing Company against the Fred T. Ley & Co., Inc., for any of the $100 general average.

The complaint of the plaintiff is dismissed as to both defendants, with costs, and the counterclaim of the defendant Cowles Towing Company against the defendant Fred T. Ley & Co., Inc., is dismissed, without costs.