116 So.2d 317 (1959)
Lavelle W. AYCOCK, Plaintiff-Appellant,
v.
REPUBLIC INSURANCE COMPANY et al., Defendants-Appellees.
No. 9049.
Court of Appeal of Louisiana, Second Circuit.
November 25, 1959.
Rehearing Denied December 22, 1959.
Certiorari Denied February 15, 1960.
*318 Holloway & Baker, Jonesboro, for appellant.
Theus, Grisham, Davis & Leigh, Monroe, for appellees.
HARDY, Judge.
This is an action by plaintiff against the defendant insurer for recovery of the sum of $5,150 alleged to be the amount of loss sustained by plaintiff insured as the result of a fire which partially destroyed the insured dwelling. Plaintiff further claimed the statutory penalties of 12% of the amount due and reasonable attorney's fees of no less than $1,500. From judgment rejecting plaintiff's demands he appeals.
The pertinent and material factual circumstances are undisputed and may be related in chronological order as follows:
On May 26, 1957, a fire partially destroyed plaintiff's home residence, which was insured against such risk by the defendant; notice of the fire and loss sustained was communicated to a representative of the defendant company within some two or three days following the fire, and this agent of the defendant insured advised plaintiff to procure not less than three estimates and bids for the cost of repair to the insured building; the estimates and bids for the necessary repairs were promptly procured by plaintiff and submitted to defendant's said agent within a period of some week or ten days. The lowest bid was submitted by C. C. Tarpley in the sum of $3,801.75; *319 under date of August 19, 1957, defendant's adjuster transmitted to plaintiff a formal proof of loss in the amount fixed by the Tarpley estimate and requested the signatures of plaintiff and his wife before a notary; the proof of loss as prepared by defendant was subscribed by plaintiff and his wife, duly notarized on August 23, 1957, and returned to defendant's representative; under date of September 17, 1957, defendant's draft in the sum of $3,801.75, in settlement of the fire loss of May 26, 1957, was transmitted to plaintiff; on September 23, 1957, C. C. Tarpley informed plaintiff, in writing, that it would be impossible for him to perform the necessary repairs for the amount fixed in his original bid due to weather damage to the insured dwelling and the rise in costs of material and labor, and submitted a new bid, specifically limited to 30 days, in the sum of $4,961.30; under date of September 26, 1957, plaintiff's attorneys advised defendant's adjuster, by written communication, that defendant's draft in the sum of $3,801.75 would not be accepted in full settlement of the loss, the cost of which had been re-estimated at $4,900, and that unless the matter was settled within a reasonable time, suit would be instituted for recovery of the amount of the loss, together with statutory penalties and attorney's fees; apparently defendant refused to make any re-adjustment and this suit was instituted on January 4, 1958; finally, by stipulation of counsel, sometime in or about the month of March, 1958, defendant's draft, in the sum of $3,801.75, was released to plaintiff, without prejudice to the rights of either party.
On the basis of the above recital of facts it is obvious that the statutory penalty provided by LSA-R.S. 22:658 is not applicable, inasmuch as payment was tendered by defendant on September 17, 1958, following filing of proofs of loss by plaintiff on or about August 23rd, and, therefore, there was no failure to make payment in accordance with the wording of the statute, "* * * within sixty days after receipt of such proofs * * *."
While it appears that there was an unseemly delay in furnishing the proofs of loss, which delay is not satisfactorily explained by evidence properly established on trial, it must be noted that LSA-R.S. 22:650 provides that it is the obligation of the insurer to furnish forms for proof of loss "* * * upon written request of any person claiming to have a loss under any insurance contract." The record is devoid of any showing that plaintiff made any demand, written or otherwise, for proof of loss forms, and, indeed, the record does not evidence a showing of any demand of any nature until after tender of payment on the basis of the low bid submitted shortly after the occurrence of the fire loss.
For the reasons above stated, we think it clear that plaintiff's right to recovery, if any, in the instant case must be limited to the alleged increase in the cost of repairs, which increase was necessitated by circumstances occurring subsequent to the fire but prior to defendant's tender of settlement.
It is urged, by way of defense, that plaintiff is not entitled to recover for weather damage to the exposed portions of the insured dwelling since he was under both the contractual obligation, specified in the policy, to protect the building from further damage, and the legal obligation to minimize the damage. Defendant further contends that under the policy it is liable to plaintiff only to the extent of the cost of repairs, which should be accepted as a measure of damage, at the time of the loss.
After careful consideration of the matter we have concluded that plaintiff is entitled to recovery of the increased cost, or such portion thereof as is properly justified by the evidence. This conclusion is predicated upon recognition of the principle that plaintiff's action is not one upon the policy but upon a new contract consisting of a proposed adjustment of the loss suffered. In Godchaux v. Merchants Mutual Ins. Co., 34 La.Ann. 235, the court declared:

*320 "But this is not an action on the policy; it is an action on the adjustment. The subject has been learnedly considered by the highest courts of Illinois and New York, and it is there settled that, where a loss has been adjusted between an Insurance Company and a policyholder, such adjustment is a new and independent agreement; that the action for such adjusted loss is a suit, not upon the policy, but upon the new promise or contract, and may be prosecuted under the common count upon an account stated; and that the Company cannot set up in defense to such action, breaches of warranties or stipulations in the original policy. Farmers' [& Merchants'] Ins. Co. v. Chemut [Chesnut] 50 Ill. [111] 112; Illinois [Mut. Fire] Ins. Co. v. Archdeacon, 82 Ill. 236 (25 Am.Rep. 313); Smith v. Glens' Falls Ins. Co., 62 N.Y. 85.
"We fully approve of the general doctrine of these cases * * *."
In considering a defense of prescription, the opinion of Mr. Justice McCaleb, then a member of the Orleans Court of Appeal, in Turner v. Bankers & Shippers Ins. Co. of N. Y., 187 So. 122, 124, recognized the distinction between an action under policy provisions and a new contract for the adjustment of a loss. Specifically, the opinion stated:
"In the case at bar, the insurance company admitted that it was responsible to Mrs. Turner under the terms of its policy and it undertook to cause her car to be repaired. Her present suit for the cost of repairing the damaged upholstery of the vehicle is not an action founded upon the policy but is based upon the failure of the insurance company to carry out its agreement to place her car in the condition it was prior to the accident."
We think defendant's position with reference to plaintiff's failure to take proper conservative measures against further damage by reason of inclement weather is well taken. It is shown that the cost of effecting temporary repairs which would have protected the insured dwelling from weather damage would have been nominal, and plaintiff's failure in this respect must be considered the cause of such damage and therefore without liability on the part of the defendant insurer.
The evidence conclusively shows that there was a rise in the cost of labor and materials sometime between the months of June and September, which was variously estimated by the witnesses as increasing the cost of construction and repair work by some 15 to 18%. Defendant denies liability for this increase in cost, arguing that the proof of loss was made on an estimate of cost given immediately after the occurrence of the loss, and that the policy provides that the measure of loss must be fixed as of the time it occurred. While we do not take issue with this general principle, we think the peculiar facts of this case serve to establish liability of the defendant. In the absence of fraud or estoppel, an insured is not conclusively bound by statements in notice or proofs of loss. 45 C.J.S. verbo Insurance § 1020, p. 1244.
It is further considered that where immediate payment is a part of the consideration, a failure thereof releases the insured from his contract; Couch Cyclopedia of Insurance Law, Volume 7, Section 1867, page 6216.
We think the facts in themselves are sufficient to determine this point in favor of plaintiff. At the time of, and immediately following the fire, the cost of repair was estimated at approximately $3,800. The defendant insurer delayed settlement on the basis of this estimate for a period of almost four months before tendering payment. Meantime, the cost of materials and repairs had risen to such an extent that the original low bidder withdrew his offer and substantially raised the amount of his estimate. *321 Certainly plaintiff cannot be charged with responsibility for this unforeseen increase in cost. Nor do we think it reasonable to conclude that he should bear the additional expense of such increase. Settlement of the loss was entirely within the hands of the insurer from and after plaintiff's compliance with the request of the agent of the said insurer for the submission of estimates for cost of repair. Defendant's neglect or failure, with or without what it may have deemed good reason, to make settlement must be assumed to comprehend the assumption of the risk of changing economic conditions. Clearly it would have been the right of the insurer, if costs had decreased, to make a re-adjustment of the loss on the basis thereof for its own benefit.
We have concluded that the measure of the increased cost should be fixed at 15% of the amount of the original low bid of approximately $3,800, and that plaintiff is therefore entitled to judgment in the sum of $570, with respect to this claim.
Counsel for defendant further contends that the value of the damage to plaintiff's property should be substantially reduced on the basis of the fact that a short time prior to the occurrence of the fire, plaintiff offered to sell his property for a consideration of $4,000. It is further urged that prior to trial of the case plaintiff, without making any repairs to his damaged dwelling, made a sale of the property "as is" for a consideration of $1,500. It is contended that plaintiff has already received, through the payment of approximately $3,800 by defendant and receipt of $1,500 as the sale price of his unrepaired property, an aggregate sum in excess of the $5,000 valuation limit fixed in the policy of insurance. We do not consider that either of these contentions is worthy of consideration. The price at which an owner offers to sell his property is not necessarily a measure of value and may be dependent upon innumerable circumstances which have no relation to market value. Nor is the amount realized by plaintiff's sale of his property a concern of the defendant.
For the reasons assigned the judgment appealed from is annulled, avoided and reversed, and
It is now ordered, adjudged and decreed that there be judgment in favor of plaintiff, Lavelle W. Aycock, and against the Republic Insurance Company in the full sum of $570, with interest at the legal rate from date of judicial demand until paid, together with all costs of both courts.