GLADNEY, Judge.
The plaintiff herein seeks recovery of $2,534.00 with statutory penalties and attorney’s fees allegedly due as the result of a loss under a policy of insurance issued by the defendant. The case was tried on its merits and judgment was rendered favorable to plaintiffs for the amount sued for, together with penalties and attorney’s fees. The defendant insurer has appealed. Plaintiffs have answered the appeal praying that the attorney’s fees be increased from $750.-00 to $1,000.00.
Plaintiffs’ residence in Shreveport was insured by the defendant under a standard form policy of fire and extended coverage insurance. As the result of a storm, accompanied by hail, which occurred on March 31, 1961, the wood shingle roof on plaintiffs’ residence was damaged and a local independent firm, M. L. Parrott Claim Service, was employed by defendant to investigate and determine the loss. Several estimates of the damage were secured by the adjuster, and, predicated on the cost of removal of the old shingles, replacing them with new shingles, and with an allowance for staining, the loss was determined as being $2,534.00. The adjuster prepared a conventional proof of loss form on May 31, 1961, fixing plaintiffs’ loss at that sum, which was approved and signed by plaintiffs, and in due course was mailed to defendant’s office in New Orleans.
The plaintiffs, however, did not replace the same type of shingles, but caused a Shreveport contractor to replace the roof with an inexpensive composition roof at a cost of $1,244.68. Upon ascertaining this fact, the adjuster informed plaintiffs that the insurer would pay only the actual replacement cost of the roof, that is, $1,244.68. The defendant then denied payment of the claim, invoking the following provisions of the policy, Par. VI, Sub-paragraph 4, which read: '
“This company’s liability for loss under this policy including this Extension of Coverage shall not exceed the smallest of the following amounts (a), (b), or (c) * * *
“(a) The amount of this policy applicable to the damaged or destroyed building structure;
“(b) The replacement cost of the building structure or any part thereof identical with such building structure on the same premises and intended for the same occupancy and use;
“(c) The amount actually and necessarily expended in repairing or replacing said building structure or any part thereof intended for the same occupancy and use.
“This company shall not be liable under paragraph (2) or sub-paragraph (b) of paragraph (3) of this Extension of Coverage for any loss unless and until actual repair or replacement is completed.”
It is contended by insurer that as a condition precedent to recovery, a replacement must be made before plaintiffs can recover the loss under the policy, and since the replacement involved a less expensive roof, the liability of the insurer under paragraphs (B) 1-4 (C) of the policy is limited to the “amount actually and necessarily expended * * * ” or the sum of $1,268.84. In declining to pay the loss as theretofore agreed upon the insurer requested plaintiffs to execute a new proof of loss form to conform with the above referred to policy provisions. The plaintiffs refused to execute such a form.
The assured assert that the proof of loss form as executed by them reflects the true loss sustained as being $2,534.00, and that this sum was mutually accepted and agreed to by the adjusters with the promise *106 of payment thereof. The suit as instituted by the appellees seeks recovery on two grounds, the first of which is predicated on the settlement or adjustment between the parties as an independent obligation and contract separate and apart from an action on the policy; and, secondly, alternative relief is sought through an alleged cause of action based on the obligation of the insurer as contained in its policy.
In defense of the suit it is contended there was no independent contract resulting from the adjustment of the loss, and that under the provisions of the policy recovery by the plaintiffs is limited to the amount actually and necessarily expended in replacing the roof.
Following the trial of the case on its merits, the judge a quo, assigning written reasons, held that the effect of the agreement and determination of the loss which was acceptable to both parties, created an independent contract and that plaintiffs proved their entitlement to recovery of the amount of the loss which had been agreed upon, or the sum of $2,534.00. The court declined to pass on the demand for alternative relief or an action upon the policy, which raises the question as to whether plaintiffs would be entitled to. relief under the terms of the Louisiana Valued Policy Law, LSA-R.S. 22:695.
An examination of the record discloses no disagreement between the parties as to the actual loss sustained by plaintiffs’ roof and that such loss was determined as being $2,534.00. It is conceded by the insurer that if plaintiffs had replaced the original or damaged roof in kind, payment of the actual loss would not have been withheld, but the insurer, disregarding its obligation to pay the adjusted loss, seeks to invoke the above mentioned provisions of the policy. In argument before this court, counsel for the appellant takes the position that there was no separate contract created as distinquished from that contained in the policy; that the Sworn Statement In Proof of Loss was not signed nor accepted by the defendant; that there is no proof of promise of payment by the insurer; and that further, the proof of loss form states:
“The furnishing of this blank or the preparation of proofs by a representative of the above insurance company is not a waiver of any of its rights.”
We find the evidence conclusive that the loss was fixed and determined by the adjusters and the insured, and was not in any wise disapproved by the insurer. There were no reservations or conditions standing in the way of an immediate payment by the insurer of the loss agreed upon. The adjustment of the loss was completed, proof thereof presented to the defendant, and then there evolved upon the defendant insurer the duty to fulfill its obligation as incurred by its duly authorized agent, the adjuster, In a letter of the insurer' to plaintiffs’ attorney, dated September 20, 1961, there appears this line:
“It is true that a settlement figure was agreed upon and a Proof of Loss submitted. * * * ”
In our opinion 'there could hardly be stronger proof of an accord between the parties as to the loss sustained by plaintiffs. Such an independent agreement or contract was outside and beyond the terms of'the policy and defendant was without right in refusing .to fulfill its obligation by remitting the amount of its loss to plaintiffs. The principal reason advanced for refusal of payment is that' defendant assumed the position that plaintiffs, were not entitled to the sum of money, due under the settlement, but should, receive a lesser amount as provided under the above referred to provisions of the policy. A complete answer to this contention appears to be that the provisions of the policy were not a part of and could not be incorporated into the obligation of the party resulting from a separate and independent obligation.
Our law clearly recognizes the type of action under which plaintiffs herein seek *107 recovery separate and apart from an action on the policy. LSA-C.C. art. 3071 reads:
“A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
“This contract must be reduced into writing.”
Appleman’s Insurance Law and Practice discusses the law of insurance adjustments and adjusters as follows:
“An adjustment has been deemed to constitute prima facie proof of the amount due under the policy. Ordinarily, such adjustment made by the parties cannot be opened up, but the insurer is bound to pay the amount agreed upon. Consequently, the insurer could not be held further liable because of the omission of certain losses by mistake. And the insured need not prove the extent of his loss, or any of the circumstances concerning it, because the parties would be bound by their voluntary agreement. After an adjustment of losses, the relation between the insurer and the insured and his mortgagee was held to be that of debtor and creditor.” (Vol. 6, Sec. 3972, P. 414)
“An insurance adjuster, while acting in the line of settling and adjusting claims against the insurer, has the power and authority of the president, vice president, or secretary of the insurer. An adjuster must be regarded as the representative of the company, and his acts within the scope of his authority are the acts of the company. And acts performed by him within the usual scope of business entrusted to him are binding on the company, in the absence of notice of any limitations to the insured or fraud.” (Vol. 16, See. 9369, P. 952)
“A settlement agreement made by an adjuster is binding upon his company, where the insured knows of no limitations on his authority.” (Vol. 16, Sec. 9369, P. 954)
“As a general rule, the authority of an independent adjuster is a question of fact to be found from all the evidence on the subject, such person ordinarily being considered a special agent for the company for which he acts, and his authority being, prima facie, coextensive faith the business intrusted to him. Where such adjuster is requested to proceed with the adjustment of a loss without specific orders or limitations on his authority, he is employed to do all things customarily done by an adjuster under the circumstances.” (Vol. 16, Sec. 9373, P. 966)
In Godchaux v. Merchants’ Mutual Insurance Company, 34 La.Ann. 235, 236, 238 (1882), an adjustment was agreed upon and was endorsed upon the policy as follows:
“New Orleans, 15th June, 1875 A partial loss on this policy, amounting to $7,905.09, is hereby acknowledged and made payable to Mr. J. J. Martin, in sixty days after date, (signed) P. Fourchy, President.”
The court stated in the opinion:
“The defense * * * is evidently based upon a breach of one of the warranties of the policy; and would only be appropriate as a defense to an action on the policy itself. But this is not an action on the policy; it is an action on the adjustment. The subject has been learnedly considered by the highest courts of Illinois and New York, and it is there settled that, where a loss has been adjusted between an Insurance Company and a policy *108 holder, such adjustment is a new and independent agreement; that the action for such adjusted loss is a suit, not upon the policy, but upon the new promise or contract, and may be prosecuted under the common count upon an account stated; and that the Company cannot set up in defense to such action, breaches of warranties or stipulations in the original policy. Farmers’ [& Merchants] Ins. Co. v. Chemut [Chesnut] 50 Ill. [111] 112; Illinois [Mut. Fire] Ins. Co. v. Archdeacon, 82 Ill. 236 (25 Am. Rep. 313); Smith v. Glen’s Falls Ins. Co., 62 N.Y. 85.
“We fully approve of the general doctrine of the cases (to which, however, there may be exceptions) and under its application to this case, the Company’s defense, so far as founded upon the provision of the policy vitiating it, in case of fraud or false swearing, falls to the ground.
“Under the circumstances heretofore detailed, we think all consideration of false swearing in the preliminary proofs is equally eliminated from the case. There remains nothing but the new and independent contract, partaking strongly, as we have shown, of the nature of a transaction or compromise, which must stand upon its own merits, and which must be enforced, unless the defendant can establish a clear defense of fraud or error. The burden of proof lies upon the defendant, and he must establish it with clearness and certainty. Keogh [Keough] v. Forman [Foreman], 33 [La.] A[nn.] [1434] 1435 not yet reported.”
In Aycock v. Republic Insurance Company, La.App., 116 So.2d 317, 319, 74 A.L.R.2d 1267 (2d Cir. 1959), this court endorsed the principle that an agreed settlement between the insured and insurer is a new contract, stating:
“That plaintiff’s action is not one upon the policy but upon a new contract consisting of a proposed adjustment of the loss suffered.”
This conclusion is predicated upon recognition of the principle that plaintiff’s action is not one upon a policy, but upon a new contract consisting of a proposed adjustment of the loss suffered.
In Wilms v. New Hampshire Fire Insurance Company, 194 Mich. 656, 161 N.W. 940 (1917) (cited in Appleman’s Insurance Law and Practice, Vol. 16, Sec. 9369, P.P. 955, 956), the court examined the following recital on a proof of loss form:
“It is expressly understood and agreed, that the furnishing of this blank to the assured and the preparing of proofs by an adjuster or any agent of the company herein, is not a waiver of any rights of said company.”
and held that the recital was not notice to the insured of a curtailment of the general power of an adjuster to agree to the amount of loss.
All the elements of a valid compromise seem to be present in the transaction herein involved. The parties had the capacity to make such an agreement, they consented, the amount is certain and the agreement is in writing. The fact that defendant stated in a letter to plaintiffs’ attorney: “It is true that a settlement figure was agreed upon and a Proof of Loss submitted”, indicates that an agreement had been made. Defendant attempted to rescind on the ground of plaintiffs’ alleged breach of certain conditions in the policy. This it cannot do. As the Supreme Court stated in Godchaux v. Merchants’ Mutual Insurance Company, supra:
“The defense * * * is evidently based upon a breach of one of the warranties of the policy; and would only be appropriate as a defense to an action on the policy itself. But this is not an action on the policy; it is an action on the adjustment. * * * the company cannot set up in defense to *109 such action, breaches of warranties or stipulations in the original policy.”
We find no authorities supporting the proposition that an insured is confined to an action upon the policy, nor has counsel for appellant cited us to any. We have examined cases wherein the court determined there was no meeting of the minds of the parties and consequently, there was no formation of a separate and independent agreement of loss. Such a case is Hammack v. Resolute Fire Insurance Company, 233 La. 359, 96 So.2d 612 (1957).
Plaintiffs are entitled to recover their loss as determined by the agreement resulting from the adjustment of the loss. We pretermit' inquiry into the action upon the policy, the alternative relief requested by plaintiffs, which issue was not passed upon by the trial court.
We are in agreement with the trial court that penalties should be assessed due to the failure of the insurer to make payment of the amount due the insured within sixty days after the receipt of proofs of loss and demand therefor. The court a qua, however, assessed penalties without taking into consideration the fact that the insurer did make a tender of $1,244.68, which amount was rejected. LSA-R.S. 22:658 provides that in the event of a partial payment or tender of the amount due the insured has been made, that the penalties shall be assessed upon a basis of twelve per cent (12%) of the difference between the amount paid or tendered and the amount found to be due, together with attorney's fees for the prosecution and collection of such amount. Therefore, it is our finding that plaintiff is entitled to receive twelve per cent (12%) of $1,289.32, (being the difference between $2,534.00 and $1,244.68), together with attorney’s fees which we determine should be Seven Hundred Fifty ($750.00) Dollars.
Accordingly, for the reasons assigned, the judgment is amended by reducing the penalties as above set forth and fixing the attorney’s fees at Seven Hundred Fifty ($750.00) Dollars, and as so amended, the judgment is affirmed in all other respects at appellant’s cost.