DE FINO v. STERN.

(Supreme Court, Appellate Division, First Department.    May 1, 1896.)

CONVERSION—UNAUTHORIZED AGENT—RATIFICATION.

Where defendant, assuming, without authority, to act for plaintiff, forges a release of a judgment, and receives the money in payment thereof, on refusal to pay the money to plaintiff on demand, he is liable for conversion.

Appeal from trial term, New York county.

Action by Vincenzo De Fino against Edwin F. Stern. From a judgment in favor of defendant, entered on an order, at the close of the trial, dismissing plaintiff's complaint, plaintiff appeals. Reversed.

The action was brought to recover damages for the conversion of moneys alleged to have been the property of the plaintiff. On the 1st day of December, 1890, one Frank Faiell filed a mechanic's lien against the property of one Patrick Dempsey for $570. On the 1st day of December, 1891, the lien was continued, by order of the court of common pleas, under section 6, c. 342, Laws 1885; and on the same day Faiell, by writing under seal, assigned and transferred the lien to plaintiff, covenanting that there was $500 then due on the same, and that he (Faiell) would not collect or receive the same, or any part thereof, or release or discharge the lien; and at the same time the plaintiff gave Faiell a writing, agreeing, if the plaintiff collected any money upon the lien, he would pay over to Faiell the one-sixth part thereof, after deducting the expense of collecting the money. The assignment of the lien to the plaintiff was filed December 2, 1891, and the lien seems to have been redocketed December 1, 1892. In April, 1892, the owner of the property, Patrick Dempsey, made a sale of the same, and the title was closed April 20, 1892. The German Title Insurance Company examined and guarantied the title. This mechanic's lien was discovered to be on record against the property, and, in order to protect the insurance company against liability, for this lien, $618.45 was deposited with the insurance company April 30, 1892. February 2, 1893, the insurance company delivered to the defendant a check for $638.45, in payment of the amount then due upon the lien, adding to his name, as payee in the check, the word "Agent," and at the same time the defendant delivered to the insurance company a paper purporting to be a satisfaction of the lien, executed and acknowledged by the plaintiff, and it was filed February 4, 1893, and the lien was canceled of record. The defendant indorsed the check received by him, signing his name, adding the word "Agent," and the words, "For deposit in Nassau Bank to the credit of Edwin F. Stern"; and the amount of the check went to the defendant's account, and he had the benefit of it. The satisfaction of the lien was never executed by the plaintiff. It was a forgery. He was not in New York City at the time the satisfaction purported to have been executed, and knew nothing about it, and knew nothing about the payment of the money to the defendant until long afterwards. December 19, 1893, demand, in behalf of plaintiff, was made, that defendant pay over to plaintiff the $638.45 received by him from the insurance company, in payment of the amount of the lien, which was refused, and this action was commenced December 30, 1893. Upon cross-examination of Mr. Thornall, a witness for the plaintiff, a conversation between him and the defendant was drawn out, wherein it appeared that defendant said that the insurance company had sent to him to secure a satisfaction of the lien; that he thereupon prepared the paper and sent it to Mr. Faiell in Philadelphia, Pa., to be signed; that Faiell signed it and returned it to defendant, but the county clerk would not satisfy the lien, because it had been assigned to the plaintiff; that defendant then sent for Faiell to come to his office; that Faiell came, and the defendant told him that the lien had been assigned to plaintiff, and that they would have to get plaintiff's signature in order to clear the record and get the money; that

Faiell said the plaintiff was sick at his home in Mulberry street, and could not come down, and defendant thereupon prepared a new paper and gave to Faiell, who went out, and, a little while after, came back with the paper executed; that defendant gave him a check for $400, and indorsed it "Correct," or "Pay to bearer"; that Faiell showed defendant a general release, purporting to be signed by plaintiff, and a receipt. All this was what defendant told this witness. Defendant did not swear to any of these things on the trial. At the close of plaintiff's evidence, defendant moved for a dismissal of the complaint, on the ground that, when the money was demanded, no tender was made of defendant's charges. The court granted the motion, saying that the money never belonged to the plaintiff, and that it was not paid to or for him; that the insurance company deposited it with the defendant for the purpose of clearing the title from the lien; that plaintiff had not lost his lien, but could enforce it notwithstanding the forged satisfaction piece; that the only way plaintiff could maintain the action would be by ratifying the act of defendant in receiving the money for him, instead of which he had repudiated it, and had demanded the money, and brought his action for conversion, not for money had and received. Plaintiff requested to go to the jury, which was refused. Exception was taken to these rulings.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, O'BRIEN, and INGRAHAM, JJ.

Franklin Pierce, for appellant.
George W. Galinger, for respondent.

WILLIAMS, J. There seems to be no doubt, upon the evidence, that the check was delivered by the insurance company to defendant for the plaintiff. It can hardly be said it was deposited with the defendant for the purpose of clearing the title from the lien. The insurance company dealt with him as one authorized to act for the plaintiff, and he assumed to have such authority, and to so act. No other conclusion could fairly be drawn from the evidence, but if different inferences or conclusions could be drawn from the evidence, the jury might, at least, have drawn the conclusion we have suggested, and it was for the jury, and not the court, to draw the conclusion. There is no evidence to show how the defendant happened to have a forged satisfaction of the lien to deliver to the insurance company, and so obtain the money in payment of the lien. The statement by defendant to plaintiff's witness, drawn out on the cross-examination, is no evidence of the facts therein stated. The statements were mere hearsay. The money, when paid to defendant, was the money of plaintiff, obtained from the insurance company upon a forged satisfaction piece.

The defendant assumed to be, but was not in fact, the agent or attorney for plaintiff. It is true the plaintiff was not obliged to follow the money into defendant's hands, and seek to recover it from him. The insurance company did not relieve itself by paying the money to defendant, and the plaintiff's lien was not satisfied by the filing of the forged satisfaction piece. The plaintiff might have proceeded to enforce its lien, and the insurance company, as a result, would have been compelled to again pay the money to plaintiff, and itself look to defendant for a return of the money which it had paid to him. But the plaintiff had a right to claim the money in defendant's hands as his, and recover it from him.

The defendant assumed to act as the agent, and to receive the money for the plaintiff as his agent, though in fact not authorized to do so. The plaintiff might have repudiated the agency, but he chose to ratify it, and to claim the money as his. He demanded that it be paid over to him. The defendant refused to pay it over, and by such refusal he was guilty of a conversion thereof. This was the theory upon which the complaint was drawn, and this was the state of facts proved at the trial.

It is said that there could be no recovery because the defendant had a lien upon the moneys, for services as attorney, which had not been paid. We do not find any such defense alleged or suggested in the answer, nor was there any proof at the trial of any such lien, and, when the money was demanded of him, he made no suggestion that he had any such lien. He merely said he refused to pay the money on the advice of counsel.

Upon the facts as proved at the trial, the plaintiff was clearly entitled to recover as for money converted by the defendant. The court erred in taking the case from the jury, and directing a dismissal of the complaint.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.