Plaintiff's exceptions sustained, and motion for a new trial granted, with costs to the plaintiff to abide the event. All concur, except McLENNAN, P. J., who dissents.

(118 App. Div. 547)

## AMBELLAN v. BARCALO MFG. CO.

(Supreme Court, Appellate Division, Fourth Department. March 6, 1907.)

**1. MASTER AND SERVANT—INJURIES TO SERVANT—DEFECTIVE APPLIANCES.**

Where an employé was injured by the fall upon his head of the lower part of a chute used to slide merchandise from the second to the first floor in a factory in which he was employed, the owner of such factory was liable for the injuries, where the chute was not safely secured.

**2. APPEAL—EXCEPTIONS—NECESSITY.**

Where the court, in an action for personal injuries, instructed on the issue of release, the defendant could not assert on appeal that such charge did not explicitly refer to all the elements necessary to invalidate the release, where he failed to except to the charge.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 1516–1532.]

**3. RELEASE—AVOIDANCE—TENDER OF MONEY RECEIVED.**

Where plaintiff, in an action for personal injuries, executed a release of damages, he could not avoid such release without paying back or tendering defendant the amount paid thereunder.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Release, § 45.]

Appeal from Trial Term, Erie County.

Action by Frederick Ambellan against the Barcalo Manufacturing Company. From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals. Judgment affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Bushnell & Metcalf, for appellant.

W. H. Corcoran and H. J. Swift, for respondent.

WILLIAMS, J. The judgment and order should be affirmed, with costs.

The action was to recover damages for personal injuries, alleged to have resulted from the defendant's negligence. The injuries were caused by the fall upon plaintiff's head of the lower part of a chute, used to slide merchandise from the second to the first floor in defendant's manufactory. Upon sufficient evidence the jury found this part of the chute was not safely and properly secured, but was left so that it fell upon plaintiff when he was passing under it in the performance of his duties as an employé of the defendant. The question here is whether this negligence was that of the defendant, or of a co-employé. We are of the opinion that the duty of securing the chute so that it would not fall was one imposed upon the defendant, and that it could not be delegated so as to relieve defendant from liability. We have examined the cases cited by the respective counsel. It is difficult sometimes to say just where the dividing line is, but we think this case, under the evidence, is one where the negligence is the defendant's.

After the accident occurred there was a transaction between the

102 N.Y.S.—63

plaintiff and the defendant's superintendent, when $85 was paid to the plaintiff and a release taken from him of this cause of action. It was a general release, but covered this claim. The defendant alleged in its answer that it had settled and taken a full release from the plaintiff, and on the trial gave evidence as to the transaction, the payment and the release, by the superintendent and two other witnesses. The plaintiff gave evidence as to the matter, also, not denying the receipt of the money or the signing of the release, but claiming that the transaction was the payment of seven weeks' wages, to enable plaintiff to go away for a rest and to get well, and that he was told the paper signed was merely a receipt for the money. His claim was that there was no talk about a settlement or release, and that he was deceived as to the contents of the paper he signed by the misrepresentations of the superintendent of the defendant. The court submitted this question of fact to the jury, read some evidence, and stated the claims of the parties with reference to it and charged:

"If at the time the plaintiff accepted the $85 and signed the release, he knew and understood the language contained in it, he cannot recover in this action. If at the time the plaintiff accepted the $85 and signed the release, he knew and understood that in paying him the money the defendant intended thereby to compromise and settle for any and all claims which he might have against it by reason of his injury upon April 27, 1903, he cannot recover in this action. If you find either of these facts in that way, it bars a recovery."

The defendant took no exception to the charge on this subject, but made this request:

"I ask the court to charge the jury, if the plaintiff knowingly executed this release, he cannot recover."

The court declined so to charge and defendant excepted. Evidently the court understood the request to mean that the plaintiff could not recover if he knew he signed the paper, not if he knew the contents of it when he signed it. The request was susceptible of two constructions. It cannot be supposed that the court intended here to take back all it had said in detail in the body of the charge. The defendant did not except to the law as stated by the court in the body of the charge, and cannot now be heard to say that it did not fully and explicitly refer to all the elements necessary to invalidate the release. Of course, plaintiff's understanding of the contents of the paper would not control, unless the defendant's superintendent understood the same thing, or unless there was fraud in inducing plaintiff to sign it. Fraud was claimed, in that the superintendent represented it to be a receipt merely, and thus deceived plaintiff as to its contents. If by exception or request this principle had been called to the attention of the court, the charge would undoubtedly have been made explicit and satisfactory to defendant in that respect. It might be suggested that the release could not be avoided without paying back or tendering to defendant the $85. No such suggestion was made during the trial. If it had been, the plaintiff might then have paid the money or made the tender, if this is a case where such payment or tender was required. It is only necessary to hold here that the question, not having been raised on the trial, cannot be urged here as a ground for reversal of the judgment.

The finding of the jury upon this question of settlement and release was supported by the evidence, and should not be set aside as contrary to or against the weight of the evidence.

Judgment and order affirmed with costs.  All concur.