## DOUGLASS v. SCOTT.

(Supreme Court, Appellate Division, Third Department. January 6, 1909.)

1. CONTRACTS (§ 266*)—RESCISSION—CONDITIONS PRECEDENT—RESTORATION OF BENEFITS.

One seeking to rescind a contract on the ground of fraud must tender what he has received under it before he can maintain his action to rescind, unless the party defrauded is entitled in any event to all he has received; it being sufficient in such case if the sum retained is allowed in the judgment.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1186; Dec. Dig. § 266.*]

2. TROVER AND CONVERSION (§ 20*)—ACTIONS—CONDITIONS PRECEDENT—RETURN OF MONEY PAID.

Where the action is not to rescind a contract obtained by fraud, but to recover for the fraudulent conversion of property, plaintiff not having assented to any contract with defendant, the latter is not entitled to the return of money paid to obtain possession of the property; the law having no regard for the wrongdoer's loss.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. § 150; Dec. Dig. § 20.*]

3. TROVER AND CONVERSION (§ 3*)—ELEMENTS—WRONGFUL INTENT.

A wrongful intent is not essential to a conversion; it being sufficient that the owner has been deprived of his property by another's unauthorized assumption of dominion over it, so that evidence of good faith is inadmissible.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 21–24; Dec. Dig. § 3.*]

4. TROVER AND CONVERSION (§ 36*)—ACTIONS—EVIDENCE—GOOD FAITH—ADMISSIBILITY.

In an action for the value of buckwheat fraudulently converted, where defendant claimed that he bought the buckwheat from plaintiff for himself as he had bought other buckwheat from plaintiff's neighbors, that plaintiff offered evidence of contemporaneous representations and purchases by defendant to meet the defense did not render admissible evidence by defendant that he purchased buckwheat from plaintiff in good faith; the intent being immaterial in conversion.

[Ed. Note.—For other cases, see Trover and Conversion, Dec. Dig. § 36.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. TROVER AND CONVERSION (§ 36*)—ACTIONS—ADMISSIBILITY OF EVIDENCE. ·
   In an action for the fraudulent conversion of buckwheat which plaintiff claimed defendant represented he was buying for another to obtain possession of it, the defense being that defendant purchased it in good faith for himself the same as he purchased other buckwheat from plaintiff's neighbors, plaintiff could offer evidence of contemporaneous purchases and representations made by defendant.

   [Ed. Note.—For other cases, see Trover and Conversion, Dec. Dig. § 36.*]

Appeal from Tompkins County Court.

Action by Henry Clay Douglass against Charles S. Scott. From a judgment of the County Court for defendant, reversing a justice's judgment for plaintiff, plaintiff appealed. Reversed, and justice's judgment affirmed.

This action was commenced in justice's court to recover damages for the alleged conversion of 135 bushels of buckwheat. The complaint alleges: That the defendant falsely and fraudulently represented to the plaintiff that he was the agent for "Hewett Bros."; that the plaintiff relied upon the representation and was thereby induced to part with and deliver to the defendant 135 bushels of buckwheat of the value of $110; that the representation was false, and was then known to be false, and was made by the defendant with intent to deceive and defraud the plaintiff; that the defendant, having so obtained the possession of the buckwheat from the plaintiff, unlawfully converted and disposed of it to his own use. "Wherefore plaintiff demands judgment against the defendant for $110 damages for the wrongful taking and detention of said buckwheat, with interest thereon from the 15th day of November, 1907." The answer admitted that in November, 1907, the plaintiff was the owner of about 130 bushels of buckwheat of the value of $100, but denied the other allegations of the complaint. The defendant also alleged "that all buckwheat bought by him of plaintiff was bought by defendant for himself, the same as he had bought of others, neighbors of plaintiff." The justice rendered judgment in favor of the plaintiff for $107.74 and costs. The defendant appealed to the County Court upon questions of law, and the judgment was reversed. It appeared upon the trial that at or about the time of the delivery of the buckwheat the defendant paid to the plaintiff $7 to apply upon the purchase price, and that it was not tendered back before the commencement of the action.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

J. J. McGuire, for appellant.
James L. Baker, for respondent.

SEWELL, J. The grounds on which the learned county judge disposed of this case, as appears in the opinion rendered by him upon reversing the judgment of the justice, were that the plaintiff did not return, or offer to return, the $7 received from the defendant, prior to the commencement of the action, and that the justice erred in a ruling on the admission of evidence.

The ordinary rule undoubtedly is that, where a party seeks to rescind a contract on the ground of fraud, he must tender a return of what he has received under it before he can maintain an action at law; but that is not this case. The plaintiff does not claim that he was induced by fraud to make a contract with the defendant, nor does he seek to rescind or avoid a contract obtained by fraud, but to recover

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the value of property obtained by fraud. The claim of the plaintiff is that he did not assent to a sale to the defendant, and that the agreement with him was a nullity. The important and material allegation of the complaint is that the defendant secured possession of the property in question by artifice and fraud, and converted it to his own use, and we must assume that the justice so found. This case is therefore not within the rule laid down in Gould v. Cayuga County Nat. Bank, 86 N. Y. 75, and kindred cases, cited by the learned county judge in support of his position. It is an action for the wrongful conversion of property obtained from the owner by fraud. The wrongdoer, in such a case, is not entitled to a return of the amount paid by him to effectuate his fraud and obtain possession of the property. The law cares very little what a fraudulent party's loss may be and exacts nothing for his sake. Masson v. Bovet, 1 Denio, 74, 43 Am. Dec. 651.

It is to be observed, also, that there is an exception to this rule where the party defrauded is entitled, in any event, to all that he has received. In such a case, a return, or offer to return, is not a condition precedent to the bringing of an action. Hay v. Hay, 13 Hun, 315; Remington Co. v. London Assurance Co., 12 App. Div. 218, 43 N. Y. Supp. 431; Pritz v. Jones, 117 App. Div. 657, 102 N. Y. Supp. 549; Kley v. Healy, 127 N. Y. 555, 28 N. E. 593. It is sufficient if the sum retained is taken into account and allowed in the judgment. That is all the party defrauded should do and all that honesty and fair dealing require of him. If therefore the plaintiff had admitted a contract with the defendant and claimed that he was induced to make it by fraudulent representations as to the value, nature, or character of the consideration received by him, he would not have been bound to return the amount received before he could proceed in disaffirmance of the contract.

I am also of the opinion that no error was committed in excluding evidence tending to show that the defendant purchased the buckwheat in good faith. The question of good faith was not involved. "A wrongful intent is not an essential element of the conversion. It is sufficient if the owner has been deprived of his property by the act of another assuming an unauthorized dominion and control over it." Boyce v. Brockway, 31 N. Y. 490; Laverty v. Snethen, 68 N. Y. 527, 23 Am. Rep. 184. The fact that the plaintiff had given evidence of contemporaneous representations and purchases did not make the evidence offered material, for we must assume that the evidence of transactions with "others, neighbors of plaintiff," was offered and properly received upon the issue tendered by the allegation of the defendant "that all the buckwheat bought by him of plaintiff was bought by defendant for himself, the same as he had bought of others, neighbors of plaintiff."

I am therefore constrained to believe that no substantial error was committed in justice court, and that the judgment of the County Court should be reversed with costs in this and in the County Court, and that of the justice affirmed. All concur.