GEORGE HAISS MANUFACTURING COMPANY, INC., Respondent, v. ALLEN P. BECKER, Appellant.

Third Department, July 7, 1921.

Conversion — consignment of wagon loader to defendant for sale — unratified sale after withdrawal of authority and direction to reship constitutes conversion — failure to turn over proceeds is conversion thereof — defendant not justified in keeping proceeds to offset claim against plaintiff — interest properly allowed — counterclaim for commissions and expenses tried by stipulation of parties sustained in part.

The act of the defendant, who was engaged as an agent or representative of the plaintiff for the sale of wagon loaders, in selling a wagon loader after his authority to act as agent had been revoked and he had been directed to return the wagon loader, constituted conversion where the plaintiff never ratified the sale nor approved the defendant's act in selling.

The proceeds of the sale were the property of the plaintiff and under the evidence the act of the defendant in retaining said proceeds constituted a conversion thereof.

The fact that the defendant claims that there were commissions or items due him on other transactions did not justify him in appropriating and keeping the proceeds from the sale.

Interest was properly allowed on the money converted. The counterclaim of the defendant for commissions claimed to be due on account of sales and for disbursements and expenses, which, though not properly pleadable in the action, was tried by stipulation of the parties, so far as the claim was for commissions, was not supported by the evidence, except as to the sale in question and other small items, and as to the claim for expenses and disbursements was not supported by the contract between the parties.

APPEAL by the defendant, Allen P. Becker, from a judgment of the County Court of the county of Albany, entered in the office of the clerk of said county on the 31st day of August, 1920, affirming a judgment of the City Court of Albany in favor of the plaintiff.

*Jerome W. Ecker*, for the appellant.

*George J. Hatt, 2d*, for the respondent.

VAN KIRK, J.:

The action was brought to recover damages for the conversion of a wagon loader. At the close of the plaintiff's evidence the plaintiff was allowed to amend its complaint to conform to the proof, by alleging that the defendant converted to his own use the proceeds of the sale of the wagon loader.

The plaintiff is a manufacturer of wagon loaders. On April 3, 1914, defendant wrote to the plaintiff asking for the agency for the wagon loaders and a portable derrick for New York and the New England States. On April 8, 1914, the plaintiff replied that it would give him the agency, but could not give him an exclusive agency, " as we sell these machines in New York direct, as we are advertising them, and also in New England." The commission was fixed at ten per cent of the selling price. In December, 1914, at the request of the defendant, the plaintiff shipped, as a sample and demonstrator, a wagon loader to the yard of John T. D. Blackburn, Albany, where said loader remained. The defendant made no sales, and on August 24, 1915, the plaintiff wrote to the defendant to ship the wagon loader to New York, if the defendant felt that there was no chance of disposing of it. Defendant did not return the loader and on July 15, 1916, the defendant wrote plaintiff that he had an offer of $400 for the loader, " if it will do their work." Two days later the plaintiff authorized the defendant by letter to accept the $400 offer. On August tenth following the plaintiff wrote to defendant asking him if he had sold the wagon loader and asking reply, but no reply was received. On October 6, 1916, the plaintiff wrote defendant: " We have therefore come to the conclusion that we desire it [the wagon loader] to be sent to New York, and wish you would do so at the earliest opportunity." No reply was received, and on October 24, 1916, plaintiff wrote again to defendant, asking the shipment of the loader to New York. No reply was received, and on December 14, 1916, the plaintiff wrote to defendant, asking him to return the loader to New York. Defendant did not ship the loader, but on May 9, 1917, he wrote to the plaintiff that he had sold the loader at the price named and expected a check for the same in a few days; " will be down

and settle with you as soon as it arrives." The defendant did not go to New York to settle, and the plaintiff, having heard nothing further from him, on July 9, 1917, wrote to the defendant: " We have requested you at least three or four times to return the wagon loader, which, we presume, you still have in your possession, which our company sent you as a demonstrator some time ago. It now comes to a point where, if you do not ship it, it will be necessary for us to take such means as necessary to have it returned. If we do not hear from you regarding this matter within a week's time, we shall take such means as necessary to insure the wagon loader being sent to us." And on July twenty-fourth an attorney in behalf of plaintiff wrote to the defendant for an adjustment of the matter, and this suit was brought.

The defendant had sold the wagon loader for $400, receiving $200 in cash and a note for $200. Neither the note nor the cash, or any part of it, had been delivered to the plaintiff. The defendant had been the agent of the plaintiff to sell this wagon loader and was authorized to sell it, but, before the defendant sold it the plaintiff had directed him to return the wagon loader to New York. The authority to sell it was withdrawn. The defendant failed for months after the withdrawal of the authority to sell to return the machine and, without a renewal of his authority, assumed to sell it. The plaintiff never ratified this sale and never approved the defendant's act in selling. The selling of the wagon loader without authority was a tortious act, which deprived the plaintiff of its property. It was an unauthorized sale and an unauthorized taking. The defendant without authority assumed the right to control and dispose of the wagon loader. (*Laverty* v. *Snethen,* 68 N. Y. 522; *Pease* v. *Smith,* 61 id. 477; *Douglass* v. *Scott,* 130 App. Div. 322.) The proceeds of the sale were likewise the property of the plaintiff; and, under the evidence in the case, the defendant was guilty of conversion of these proceeds. The fact that he claimed that there were commissions or items due him in other transactions (these are contained in his counterclaim, which has been disallowed by the court) did not justify him in appropriating and keeping the money or the note. (*Laverty* v. *Snethen, supra; De Fino* v. *Stern,* 5 App. Div. 56.) Money is as much a subject of

conversion as any description of personal property. (*Gordon* v. *Hostetter*, 37 N. Y. 99; *Miller* v. *Miles*, 58 App. Div. 103.) The court did not err in allowing interest. (*Covell* v. *Hill*, 6 N. Y. 374.) There is evidence sufficient to sustain the finding of the trial court and the County Court that the commission to be allowed the defendant was ten per cent of the selling price.

We have examined the evidence offered by the defendant in support of his counterclaim, which is a claim for commissions claimed to be due on account of the sales had through the efforts of the defendant and for disbursements and expenses. The contract between the plaintiff and the defendant provides for no allowance of expenses or disbursements. He was to be compensated by a flat commission of ten per cent. The defendant utterly failed to make proof upon which he was entitled to any allowance for commissions on account of sales made by him or negotiated by him. He presented some evidence concerning four or five separate claims. He called the president of the plaintiff as a witness and as to each claim the proof was that the defendant had not made the sale, or been in any wise the occasion of it. The court has allowed commissions to defendant on small items, totalling twenty-two dollars and sixty-five cents, in addition to forty dollars commissions in the sale of the loader. We find no error in the conclusions of fact reached by the trial and county courts on the subject of the counterclaims.

The action being in conversion, a demand upon contract would not be the subject of counterclaim, but, by stipulation of the parties in open court, the issues raised upon the counterclaim were tried.

We find no error in rulings by the court which were prejudicial to the appellant. The judgment should be affirmed, with costs.

Judgment unanimously affirmed, with costs.