In the Matter of the Estate of HENRY GRUBE, Deceased.*

Surrogate's Court, Kings County, February 18, 1937.

*Maxwell Rubin*, for Edith Grube Herrington, contingent legatee, and *pro se* assignee of certain contingent interests in the estate, objectants to the accounts.

*Arthur T. O'Leary*, for the petitioner, Francis E. Laimbeer, removed trustee, executor.

*Walter Jeffries Carlin*, for the Lafayette National Bank, substituted trustee.

WINGATE, S. It is a somewhat peculiar psychological phenomenon that even competent and experienced counsel when immersed in the intricacies of a legal situation frequently become

---

* See, also, 162 Misc. 267.

myopic to primary basic principles of law and procedure. To adopt the vernacular aphorism, they are unable to see the woods because of the trees. An apt illustration of this condition is supplied by the present proceeding which seeks a direction that Messrs. Samuel Marcus and Isidor Wels, constituting the law firm of Moss, Marcus & Wels, who are not parties to this proceeding, deposit in this court all books, records, etc., in their possession relating to this estate, and impounding them here.

A brief review of past occurrences is essential to an understanding of the situation. Henry Grube, the present decedent, died on August 18, 1916, and letters testamentary upon his estate were issued on the following October tenth to William J. Cruikshank (now deceased) and the present accountant, Francis E. Laimbeer. The executors and trustees named jointly administered the estate until December 1, 1923, when Cruikshank resigned. Subsequently, and until January 22, 1936, Laimbeer acted alone. He was summarily removed for cause on that date, and Lafayette National Bank appointed substituted trustee.

In the interval the trustees had, on five occasions, secured decrees of this court judicially settling their accounts, the first being dated September 21, 1922, and the last, March 12, 1931.

Shortly after the removal of Laimbeer as trustee, a proceeding was instituted to vacate these decrees on the ground of fraud by him in their procurance. This relief was granted by decision filed on October 13, 1936 (*Matter of Grube*, 160 Misc. 718), which was effectuated by decree dated November sixth.

The matter being thus again at large, an application to examine the accountant pursuant to section 263 of the Surrogate's Court Act was made, and resulted in an order, dated January 8, 1937, which, among others, included the following direction: " Ordered, that the said Francis E. Laimbeer produce on or before the said 18th of January, 1937, and deposit the same with the Clerk of this court, all books, records and papers of every kind, nature and description belonging to him both individually and as trustee, in his possession or control, relative to the administration of the estate, including all books of account, check books, check book stubs and cancelled checks, and copies of Federal and State income tax reports, both personal and those filed on behalf of the estate, pertaining to the administration of the above estate."

It is asserted and not denied that a certified copy of this order was served on the removed trustee on January 13, 1937. No appeal has been prosecuted therefrom and the statutory period permitted for this purpose has wholly expired. (Surr. Ct. Act, § 293.)

To momentarily retrogress in the recital of pertinent facts, it should be noted that the firm of Moss, Marcus & Wels are asserted

to have acted as attorneys for the removed trustee at all times since his appointment in 1916 up to some time after his removal. It is also asserted that he occupied offices and was associated in the practice of the law with them.

Since these attorneys bore no direct relation to the administration of the estate, any attempted exercise of direct jurisdiction by this court over them in the present state of the record seems of doubtful propriety. Except in an extreme paucity of instances almost wholly confined to its own fiduciary appointees, its authority is purely *in rem* (*Matter of Bradford*, 159 Misc. 482, 485), either because of the situs of tangible property or by application of the principle *mobilia sequuntur personam.*

The only mode, therefore, by which this court could impose any pressure upon Messrs. Marcus or Wels as individuals, would be indirectly through the medium of their principal, Laimbeer. As his agents, they would be subject to his direction and, to approach more closely the object of the present application, their tenure of any property which had been created or had come into their possession during the continuance of such relationship, would be wholly subject to his disposition upon the satisfaction, of course, of the rights, if any, which they might possess by reason of their attorney's lien. This principle is elementary. (*English Bank of Rio de Janeiro v. Barr*, 31 Abb. N. C. 7, 16; *Potter v. Merchants' Bank of Albany*, 28 N. Y. 641, 651; *Haiss Manufacturing Co., Inc., v. Becker*, 198 App. Div. 123, 125.)

That the present applicant is fully cognizant of this rule of law is evidenced by the fact that substantially his entire argument for the grant of his petition is predicated on the theory that the books of a fiduciary are subject to the inspection of his *cestuis que trustent*, which principle is so primary as scarcely to require the abundant citation of authority from the days of Lord ELDON to date which he tenders in substantiation. With this as a premise he then adopts the uncontrovertible position that this applies to all records of the estate including those in the possession of his attorneys or agents.

The point which he apparently overlooks is that in the portion of the order of January 8, 1937, hereinbefore quoted, he already has received the precise relief which he here seeks anew. Nothing could be more sweeping than the direction therein contained that the deposed trustee deposit in this court " all books, records and papers of every kind, nature and description belonging to him both individually and as trustee, in his possession or control, relative to the administration of the estate." All papers, etc., relating to his administration of the estate would seem inevitably to fall into one or the other described category. They are either

physically in his possession, or, if in the hands of his quondam attorneys or any other person or persons as his agents or bailees, they are obviously " in his * * * control " and he is under obligation to produce them by the terms of the order already made under penalty of commitment for contempt of court, in the event of his disobedience of the direction.

On the other hand, if the applicant seeks merely records of the attorneys as individuals for the purpose of waging personal battle against them in another tribunal, this court will not permit its process to be employed to such an end. (*Matter of Nussbaum,* 158 Misc. 380, 382.)

The situation, therefore, is that to the extent to which he is entitled thereto, the applicant already has received the precise relief which he now seeks. The court cannot award it in any more cogent form and there is no law which determines that the repetition of a direction adds emphasis or cogency thereto. (*Deraismes* v. *Deraismes,* 72 N. Y. 154, 158; *Matter of Surpless,* 143 Misc. 48, 60; *Matter of Duffey,* 158 id. 951, 953.) The remedy of the petitioner is to enforce the direction already made. (*Matter of Seitz,* 149 Misc. 526, 531.)

As is frequently the case in earnestly, not to say acrimoniously, contested litigations, the parties have here permitted themselves to become involved in wholly irrelevant fictitious issues, one of which, injected by Mr. Laimbeer, deserves a word of passing comment. He opposes the present application and indirectly seeks the vacating of the prior order by the assertion of alleged constitutional immunity from self-incrimination. For the reasons hereinbefore indicated, the present application will not be granted. So far as concerns the former order, no such claim was made by him while the application therefor was pending and would, therefore, seem to have been waived if it ever existed. (*People* v. *Cassidy,* 213 N. Y. 388, 394, 395; *People* v. *Cahill,* 126 App. Div. 391, 395, 396; affd., 193 N. Y. 232; *American Blue Stone Co.* v. *Cohn Cut Stone Co.,* 98 Misc. 439, 445; *People* v. *Barbour,* 152 id. 39, 40.)

The prior order having been duly made and validly entered is now beyond the authority of this court except upon a demonstration of the existence of one of the conditions envisaged in subdivision 6 of section 20 of the Surrogate's Court Act. (*Matter of Tilden,* 98 N. Y. 434, 442; *Matter of Kennedy,* 149 Misc. 188, 190; *Matter of Dunne,* 138 id. 840, 843, and authorities cited.)

It follows that the present application must be denied since the petitioner has ample remedy through enforcement of the order heretofore granted.

Enter order on notice in conformity herewith.