JACK GILBERT, Appellant, *v.* IRVING S. ROTHSCHILD, Respondent.

Argued January 12, 1939; decided February 28, 1939.

*Arthur Block* and *O. M. Clark* for appellant. In personal injury actions, where plaintiff, being deceived with respect to the nature and quality of his injuries, gives a general release, the release may be avoided. (*McNally* v. *Phœnix Ins. Co.*, 137 N. Y. 389; *Kirchner* v. *New Home Sewing Machine Co.*, 135 N. Y. 182; *Dominicis* v. *U. S. Cas. Co.*, 132 App. Div. 553; *Landau* v. *Hertz Drivurself Stations, Inc.*, 237 App. Div. 141; *Harvey* v. *Georgia*, 148 Misc. Rep.

633; *Lumley* v. *Wabash R. R. Co.*, 76 Fed. Rep. 66.) In personal injury actions, where a plaintiff, being deceived with respect to the nature and quality of his injuries, gives a general release, he need not return the consideration but the defendant may be credited in the ultimate judgment or the action be deemed one to recover for the more serious injuries. (*Raile* v. *Peerless American Products Co.* 192 App. Div. 506; *Simmons* v. *Ocean Causeway*, 21 App. Div. 30; *Banta* v. *Banta*, 84 App. Div. 138; *E. T. C. Corp.* v. *Title Guarantee & Trust Co.*, 271 N. Y. 124; *Allerton* v. *Allerton*, 50 N. Y. 670; *Larscy* v. *Hogan & Sons, Inc.*, 239 N. Y. 298; *Harvey* v. *Georgia*, 148 Misc. Rep. 633; *Kirchner* v. *New Home Sewing Machine Co.*, 135 N. Y. 182; *Lumley* v. *Wabash R. R. Co.*, 76 Fed. Rep. 66; *Bliss* v. *R. R. Co.*, 160 Mass. 447; *Great Northern Ry. Co.* v. *Fowler*, 136 Fed. Rep. 118; *Union Pacific Ry. Co.* v. *Harris*, 158 U. S. 326.) The plaintiff's complaint was prematurely dismissed. (*Hoffman House* v. *Foote*, 172 N. Y. 348; *Rase* v. *Minneapolis R. R. Co.*, 118 Minn. 437; *Hornstein* v. *Podwitz*, 229 App. Div. 167; *Boxberger* v. *N. Y., N. H. & H. R. R. Co.*, 237 N. Y. 75; *McNamara* v. *Eastman Kodak Co.*, 232 N. Y. 18.)

*William L. Shumate* for respondent. The plaintiff is attempting to recover on his original cause of action in disaffirmance of a general release which is not void but merely voidable. A return or tender back to the defendant of the consideration which the plaintiff received for executing the release is a condition precedent to the maintenance of such an action. (*Gould* v. *Cayuga County Nat. Bank*, 86 N. Y. 75; *Cobb* v. *Hatfield*, 46 N. Y. 533; *McMichael* v. *Kilmer*, 76 N. Y. 36; *E. T. C. Corp.* v. *Title Guarantee & Trust Co.*, 271 N. Y. 124; *McNamara* v. *Eastman Kodak Co.*, 232 N. Y. 18.)

RIPPEY, J. This action is brought to recover damages for personal injuries resulting from defendant's negligence which injuries are alleged to have been received by plaintiff on January 9, 1935, while riding as a passenger in defendant's motor vehicle.

A single cause of action is set up in the complaint to recover for all injuries resulting from the accident, immediate, temporary and permanent. The answer contains denials of every allegation of the complaint. As a separate defense and bar to the cause of action set up in the complaint, the answer contained allegations to the effect that, on March 15, 1935, plaintiff executed and delivered to defendant, for a valuable consideration, a general release in writing and under seal whereby plaintiff released and forever discharged the defendant from the cause of action set up in the complaint and all manner of actions, cause or causes of action, suits, debts, dues, sums of money and damages which the plaintiff ever had against defendant to the date of the instrument. The reply did not put in issue the execution, delivery and general nature of the release, and plaintiff thereby admitted its execution and delivery for a good and valuable consideration and that it discharged the cause of action set up in the complaint. In the reply to the new matter set up in the answer, plaintiff's only allegation was " that the release therein claimed was procured by fraud and misrepresentation in that the plaintiff was misled and deceived by the defendant's agent, servant or employee into believing that the injuries resulting to him from this accident were slight, minor and inconsequential, when in reality said injuries and their resultant effects were and are of a grave, serious and permanent nature."

On December 26, 1936, upon motion of defendant and without objection by plaintiff an order was made at Special Term directing that " the issues raised by the separate defense of general release * * * be tried separately and prior to any trial of the other issues in this case." In regular order this issue was brought on for trial before a jury. Upon the opening of counsel for the plaintiff and upon replies to inquiries by the court in which he admitted that the money paid by defendant in compromise had been retained and that there had been no tender or payment back and upon his refusal to accept the opportunity presented by the court then and there to make such payment

or tender and proceed with the trial, the court granted defendant's motion to dismiss the reply. Thereupon and without further proceedings judgment was entered on the pleadings dismissing the complaint. The motion to dismiss the reply was correctly granted since, in the state of the pleadings and the admission of plaintiff in open court upon the trial that he had not paid back or tendered back the amount received and that he refused to do so, plaintiff could not litigate the issue as to the voidability of the contract.

Counsel for appellant first insists that the motion to dismiss should not have been granted upon the opening but the court should have proceeded to take the proofs of the parties. If the record should be construed to indicate that the motion was granted upon the opening of plaintiff, the rule is that it must be assumed " that every material fact in issue is to be resolved * * * in favor of the plaintiff " (*Hoffman House* v. *Foote*, 172 N. Y. 348). In the *Hoffman* case (p. 350) it is said: " If it can be demonstrated either (1) that the complaint does not state a cause of action or (2) that a cause of action well stated is conclusively defeated by something interposed by way of defense and clearly admitted as a fact, or (3) that the learned counsel for the plaintiff, in his opening address, by some admission or statement of facts, so completely ruined his case that the court was justified in granting a nonsuit, then this judgment ought to be sustained; but not otherwise. The practice of disposing of cases upon the mere opening of counsel is generally a very unsafe method of deciding controversies, where there is or ever was anything to decide." The opening is not contained in the printed record on appeal. Under those conditions, it must be presumed that it comprised the substance of the reply (*Kley* v. *Healy*, 127 N. Y. 555, 560; 4 Carmody's New York Practice, p. 3117). There is nothing in the record to show that there was any offer to prove anything beyond that contained in the reply except that, in the colloquy between court and counsel, plaintiff's counsel said: " We claim that there is a settle-

ment here of minor injuries which they represented to the man he had." The complaint was drawn on the theory that suit was for *all injuries* plaintiff received, not for a part not known to him at the time of settlement. The release, in terms, admittedly was broad enough in scope to cover the present cause of action. There was nothing in the reply to indicate that the release was not affirmed as covering a compromise for all injuries received. No motion was made at the trial to amend the complaint or reply. Plaintiff stood squarely on the proposition that the release was void for fraud and could not bar the prosecution of the action and that he was not required to restore or tender back the consideration for the release as a condition precedent for the maintenance of the suit. The issue of waiver by or estoppel of defendant from asserting the release in bar was not in issue or asserted on the trial nor was any reason advanced by plaintiff why the release should not be a complete bar to a voidable contract. In whatever aspect the case may be considered, the reply did not state a defense to the release nor did plaintiff offer any defense.

The question then arises whether, in view of the pleadings and state of the record at the trial, the plaintiff could maintain the action without rescission or an attempt to rescind the compromise contract of settlement. He has sued at law without rescission or attempt at rescission. The claim of the plaintiff does not lie in the fact that there was fraud in the execution of the instrument itself, that he was induced to sign an instrument different than he understood it to be,— that no agreement of compromise in fact existed. In such a case the fraud would lie in the *factum*, the instrument would be void (*Boxberger* v. *N. Y., N. H. & H. R. R. Co.*, 237 N. Y. 75; *Pimpinello* v. *Swift & Co.*, 253 N. Y. 159) and rescission unnecessary (*Whipple* v. *Brown Bros. Co.*, 225 N. Y. 237; *Farrington* v. *Harlem Sav. Bank*, 280 N. Y. 1). Nor is this a case where it is or can be claimed that the release was limited and covered a portion only of plaintiff's loss for which he seeks no recovery in this action.

In such a case rescission would be unnecessary and he would not be required to tender back the money received before he could prosecute the action (*Kirchner* v. *New Home Sewing Machine Co.*, 135 N. Y. 182; *Lumley* v. *Wabash R. R. Co.*, 76 Fed. Rep. 66; *Bliss* v. *N. Y. C. & H. R. R. R. Co.*, 160 Mass. 447). Plaintiff cannot retain the money and apply it on the recovery (Cf. *Douglass* v. *Scott*, 130 App. Div. 322; *Kley* v. *Healy*, 127 N. Y. 555, 561) in the face of objections to that course being followed, since his claim is unliquidated, none of it is certainly recoverable and there may be no recovery at all. In cases called to our attention where such a procedure has been followed (*Larscy* v. *Hogan & Sons*, 239 N. Y. 298; *Ambellan* v. *Barcalo Mfg. Co.*, 118 App. Div. 547; *Fleming* v. *Brooklyn Heights R. R. Co.*, 95 App. Div. 110; *Harvey* v. *Georgia*, 148 Misc. Rep. 633) the parties consented or, at least, did not object or disapprove. The doctrine of rescission does not apply to a case where an attempt is made to avoid a transaction on the ground of fraud if the party making such an attempt would be entitled to retain the consideration paid either by virtue of the contract sought to be set aside or of the original liability ((*Gould* v. *Cayuga County Nat. Bank*, 86 N. Y. 75, 81; *Kley* v. *Healy*, 127 N. Y. 555, 561; *Belt* v. *American Central Ins. Co.*, 148 N. Y. 624; *New York Bankers, Inc.*, v. *Duncan*, 257 N. Y. 160; *E. T. C. Corp.* v. *Title Guarantee & Trust Co.*, 271 N. Y. 124, 128). The only theory on which plaintiff can succeed on the pleadings and admitted facts is by avoidance of the release on the ground of mistake on his part and fraud, deceit and misrepresentations on the part of defendant as to the nature of his injuries. That is in accord with the allegations in the reply and the proceedings at the trial. Fraud in the *quantum* is claimed. He asks for no relief by way of rescission. The release was not void, but voidable (*Adams* v. *Gillig*, 199 N. Y. 314). In such a case, the general release is an absolute bar to the action unless rescinded, and rescission can be effective only by returning or tendering back the consideration received (*Gould* v. *Cayuga County Nat. Bank*, 86 N. Y. 75; *McNamara* v. *Eastman*

*Kodak Co.*, 232 N. Y. 18; *E. T. C. Corp.* v. *Title Guarantee & Trust Co.*, 271 N. Y. 124, 128). "He may not litigate his claim for damages while clinging to the fruits of the contract which he affects to disaffirm" (*Brassel* v. *Electric Welding Co.*, 239 N. Y. 78, 81). Plaintiff was too late at the trial to amend and base his action on previous repudiation of the contract. There was no such repudiation and none claimed. He made no attempt to convert his action by way of amendment or otherwise into one *for a rescission.* Where the cause of action is *founded upon rescission,* the payment or tender must be made before commencement of the action; if *for a rescission,* it will be sufficient to offer in the complaint to return the amount received and make tender on the trial (*Vail* v. *Reynolds,* 118 N. Y. 297, 302).

Plaintiff finally rests on the claim that reversal should be had because the judgment dismissing the complaint was premature. As a matter of technical procedure, his contention is correct, but as a matter of substance it cannot be sustained. The reply, as we have seen, was correctly stricken out. That left the complaint and answer in the case with the defense of the general release admitted both as to its scope and validity. By it, recovery in the action was absolutely barred. Had a suitable motion been made upon the complaint and answer, the complaint must necessarily have been dismissed. While we do not mean to approve the practice indulged in, had the correct practice been followed the same result would have been reached. Furthermore, the practice involved a mere irregularity which could have been corrected by motion. Should we send this case back to require the court to do a useless act? We think not.

The judgment appealed from should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur.

Judgment affirmed.