WILLIAM GOLDSMITH, Appellant, v. NATIONAL CONTAINER CORPORATION, SAMUEL KIPNIS, HARRY GINSBERG, LOUIS ROSENFELD and ANCHOR CONTAINER CORPORATION, Respondents.— This is an action to recover damages sustained by reason of defendants' alleged fraud in inducing plaintiff to enter into a contract pursuant to which he sold his stock in defendant Anchor Container Corporation, canceled his contract of employment with that corporation, resigned as an officer and director thereof, and delivered general releases to defendants; and pursuant to which defendant National Container Corporation paid plaintiff $20,000 in cash and canceled his promissory note of $8,000, and paid $2,500 to plaintiff's attorney as his fee in representing plaintiff in the settlement negotiations. The defendants also delivered general releases to plaintiff, pursuant to such contract. As a defense and bar to this action, defendants pleaded the general releases executed by plaintiff. On defendants' motion an order was made pursuant to rules 113 and 107 of the Rules of Civil Practice dismissing the action on the ground that it is barred by plaintiff's releases to defendants. Order, and judgment entered thereon, affirmed, with ten dollars costs and disbursements. Plaintiff admits the releases were not void but voidable. He affirms the releases. A voidable release is an absolute bar to the action unless it is rescinded and unless the rescission is accompanied by proper restitution or tender. (*Gilbert* v. *Rothschild*, 280 N. Y. 66, and cases there cited.) The same result must necessarily follow where a party expressly elects to affirm a voidable release. Plaintiff does not come within the exception to the doctrine of rescission, namely, that where a sum was indisputably due to a party, regardless of the compromise or release, he is not required, as a prerequisite to an action for fraud upon the original contract, to rescind the release or to make restitution. On the facts in this case it is clear that, except for the compromise and releases, plaintiff was entitled to nothing. Nor can it be said that before the execution of the releases plaintiff had a valid or subsisting claim which entitled him to recover any amount from defendants. (*Urtz* v. *N. Y. C. & H. R. R. R. Co.*, 202 N. Y. 170, 179.) Hagarty, Johnston and Taylor, JJ., concur; Lazansky, P. J., and Close, J., dissent and vote to reverse the order and judgment and to deny the motion, with the following memorandum: Plaintiff appeals from an order granting summary judgment and from the judgment entered thereon. From the undisputed facts it appears that plaintiff sold his

stock in the Anchor Container Corporation, canceled his employment contract with that company, and gave general releases to defendants for a certain sum. He pleads that he would not have sold his stock, canceled his employment agreement, and given the general releases if he had known that Anchor Container Corporation possessed certain resources, the existence of which were deliberately concealed from him by defendants when the stock was sold, the contract of employment ended, and the general releases delivered. Defendants claim that the general releases are a bar to the action unless there be a tender or return by plaintiff of that which he received. No question is raised as to the sufficiency of the complaint. The action is not to rescind for the fraud but to recover damages suffered on account of it. A tender of the consideration is not necessary. (*Gould* v. *Cayuga County Nat. Bank*, 99 N. Y. 333.) It may be difficult for plaintiff to prove damages, but that does not affect the situation at this time.