■ WILLIAM PAYTON, as Administrator of the Estate of ERNESTINE PAYTON, Deceased, et al., Appellants, v. BROOKLYN HOSPITAL, Respondent, et al., Defendants.— In an action by an administrator, based on breach of warranty, to recover damages for the death of plaintiff's intestate which allegedly resulted from a transfusion of contaminated blood furnished by the defendant Brooklyn Hospital, the plaintiff appeals from a judgment of the Supreme Court, Kings County, entered February 19, 1963 in favor of said defendant upon the dismissal of the complaint after the opening statement to the jury by plaintiff's counsel. Judgment affirmed, without costs. No opinion. Ughetta, Acting P. J., Rabin and Hopkins, JJ., concur; Kleinfeld and Hill, JJ., dissent and vote to reverse the judgment and to grant a new trial, with the following memorandum: In his opening statement, plaintiff's counsel told the jury he would prove: (1) that a physician employed by the defendant hospital advised plaintiff that the condition of his wife, then a hospital patient, warranted a blood transfusion; (2) that " the husband inquired of the physician as to whether such blood transfusion was a dangerous one in view of her pregnant condition, and in view of her other condition " [sickle cell anemia]; and (3) that " the husband was assured by said physician that there was no danger to either the unborn child or the mother." Plaintiff's counsel further said he would prove: (4) that plaintiff consented to his wife's receiving a transfusion of blood obtained from the defendant hospital's blood bank; (5) that she was given a transfusion of such blood which was in fact contaminated with serum hepatitis virus; and (6) that she thereby contracted homologous serum hepatitis which caused her death some five months later. Interpreting this opening statement liberally, as we must (*Katz* v. *City of New York*, 162 App. App. 132, 134), we are of the opinion that plaintiff offered to prove an *express warranty* by defendant's physician-employee that the transfusion he recommended would involve no danger at all to plaintiff's wife. Such a warranty, if made, is demonstrably unfounded on fact (see *Perlmutter* v. *Beth David Hosp.*, 309 N. Y. 100, 106–107). Whether plaintiff can succeed in proving by a fair preponderance of the credible evidence: (a) that the alleged express warranty was in fact made; (b) that he was induced thereby to consent to the transfusion and to the use of blood from defendant's blood bank rather than from private donors; and (c) that his wife's death resulted from the breach thereof, are matters on which we express no opinion other than to note that the question of express warranty was not passed upon in *Perlmutter* v. *Beth David Hosp.* (308 N. Y. 100, *supra*). We merely observe that plaintiff should have been allowed to present his proof to the jury (see *Hoffman House* v. *Foote*, 172 N. Y. 348, 350–351; *Runkel* v. *City of New York*, 282 App. Div. 173, 175).