■ MICHAEL WILLIAMS, Plaintiff, v. TWIN PONDS GOLF ASSOCIATES, INC., Appellant, and ELVIRA E. DANELLA, Respondent.— Order unanimously reversed, with costs, and motion denied, with $10 costs. Memorandum: Under the allegations of paragraphs 9, 10, 10g, 11, and 11e of the complaint, which have not

been limited by a bill of particulars, proof might be received to establish passive negligence of appellant and active negligence of respondent. There is, therefore, a possibility that the trial of the main action will establish that an action over exists. In such case the cross claim should not be dismissed (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3019.22). "Since the codefendant is already a party, the court ought to be even more reluctant to dismiss the cross-complaint than it would be to dismiss a third-party action." (2 Weinstein-Korn-Miller, N. Y. Civ Prac., par. 1007.04.) The determination of the question should therefore await the resolution of the factual issues on the trial. (See *Brady* v. *Weiss & Sons*, 6 A D 2d 241; *Braun* v. *City of New York*, 17 A D 2d 264, 267.) (Appeal from order of Oneida Special Term granting the motion of defendant Danella to dismiss the cross complaint of defendant, Twin Ponds Golf.) Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.