OPINION OF THE COURT
Gerard M. Weisberg, J.
The question presented is whether a “Dole” cross claim for contribution* must be dismissed because of an admission in defense counsel’s opening statement exculpating a codefendant.
*308 Plaintiff Edward De Paolis was a passenger in a motor vehicle owned and operated by defendants Rocco and Joseph Schirripa when it collided with a motor vehicle operated by defendant Josephine Prestianni at the intersection of Royce Street and Avenue X in the Borough of Brooklyn, New York. Plaintiff commenced this action for personal injuries predicated upon the negligence of the foregoing defendants in the operation of their automobiles, and that of the City of New York for its failure to maintain a stop sign on Avenue X in an unobstructed condition, such as would have prevented defendant Prestianni from unlawfully entering the intersection. Each of the defendants cross-claimed against the others for a “Dole” apportionment of liability. The trial was bifurcated with the issues of liability and relative fault of the defendants to be submitted to the jury in the first stage, and the quantum of damages, if necessary, in the second stage.
Notwithstanding the city’s cross claims, its counsel stated in his opening remarks to the jury that the sole proximate cause of the accident was defendant Prestianni’s negligence in failing to stop at the intersection and yield the right of way. Counsel for the Schirripas thereupon moved to dismiss the city’s cross claim against them.
The city’s opposition to the motion focuses on two points: (1) that it made no “admission of fact,” and (2) that counsel’s statement constituted a trial tactic which is not binding upon the prosecution of its cross claims. The Schirripas contend that the city is a plaintiff with regard to the “Dole” causes of action and that the city’s position regarding proximate cause is inimical to the prosecution of a cross claim against them.
The criteria applicable to dismissals based upon admissions contained in opening statements were succinctly stated in Hoffman House v Foote (172 NY 348) wherein the court indicated (pp 350-351) that dismissal would be warranted if it could be demonstrated either:
“ (1) that the complaint does not state a cause of action or (2) that a cause of action well stated is conclusively defeated by something interposed by way of defense and *309 clearly admitted as a fact, or (3) that the learned counsel for the plaintiff, in his opening address, by some admission or statement of facts, so completely ruined his case that the court was justified in granting a nonsuit”.
While the motion to dismiss after counsel’s opening is not specifically mentioned in the CPLR, it is contemplated by section 4401 thereof. (See 4 Weinstein-KornMiller, NY Civ Prac, par 4016.14.) The practice has endured despite frequent declarations of its extraordinary character and the hazards attending its application. (See Stines v Hertz Corp., 45 AD2d 751; Schaefer v Karl, 43 AD2d 747; Scott v Knapp, 38 AD2d 761; Rivera v Board of Educ., 11 AD2d 7; French v Central N. Y. Power Corp., 275 App Div 238). While the mere omission to state a prima facie case in an opening statement is not grounds for dismissal, a statement voluntarily and knowingly made which negates or precludes recovery as a matter of law furnishes an adequate basis for such relief. (Gilbert v Rothschild, 280 NY 66; Payton v Brooklyn Hosp., 21 AD2d 898; Goodman v Brooklyn Hebrew Orphan Asylum, 178 App Div 682.)
The distinction sought to be drawn by the city between admissions of fact and law is not theoretically sound, nor is it justified by the authorities. If the plaintiff in a negligence action admits either that the defendant was not negligent or was not a proximate cause of injury, then dismissal is warranted. Regardless of how one might characterize such a statement, i.e., as an admission of fact, law or a mixed question of fact and law, to proceed with the trial would be a futile act, since a necessary element of plaintiff’s cause of action had been effectively withdrawn. By analogy, in Hoffman House v Foote (172 NY 348, 353-354, supra), the court stated “[i]f the plaintiff’s counsel, after stating a good cause of action in his complaint, has admitted upon the record that the defendant has been released and discharged, of course he was properly non-suited”. (See, also, Gilbert v Rothschild, supra.) We see no relevant distinction between an admission concerning a release and one which negatives proximate cause or negligence.
*310 The critical fact here is not the nature of the admission, but the context in which it was uttered, specifically that the city occupies the position of both defendant and plaintiff. Cross claims under CPLR article 14 are by nature contingent and hypothetical. The defendant contests his liability to the plaintiff, but is permitted to plead that if he is liable, then another defendant or third-party defendant must assume or share responsibility. Defense of the plaintiff’s case is ordinarily primary and the “Dole” claim secondary. From the perspective of trial tactics, these aims may be in conflict. Trial counsel may justifiably wish to avoid arguing hypothetical propositions to the jury and concentrate on defeating plaintiff’s cause of action. This freedom should be protected, least the cross claims unnecessarily prejudice the defense of plaintiff’s claim, in effect permitting the tail to wag the dog.
In the present case, the assertion of defendant Prestianni’s singular responsibility for the accident was consistent with the city’s denial of liability, but inconsistent with its cross claim against the Schirripas. It must be recognized however that the wide procedural latitude afforded by CPLR 1401 and 1007 necessarily entails several inconsistencies. Notably, these sections permit the anticipatory litigation of causes of action for contribution and indemnity which theoretically have not as yet accrued. (Bay Ridge Air Rights v State of New York, 44 NY2d 49.) As Professor McLaughlin points out “[w]hile CPLR 1007 permits the defendant to implead a third-party for a Dole apportionment, it is universally conceded that the claim is actually premature and is permitted only in the interest of procedural efficiency.” (McLaughlin, Supplementary Practice Commentary, McKinney’s Cons Laws of NY, Book 7B, CPLR, C1007:32 [1979-1980 Supp, p 10].)
The city’s statement is similarly a permissible inconsistency, especially in view of plaintiff’s assertion of liability against the Schirripas and their resultant presence in the action regardless of the city’s cross claim. If the Schirripas were third-party defendants whose presence in the action depended solely upon a complaint served by the city, the situation might be. different. That case is not how *311 ever before us and we do not pass upon the question. Suffice it to say that the city’s exculpatory remarks concerning the Schirripas must be viewed as pertaining solely to its defense of the main action and, accordingly, as not binding upon its cross claim. The right to contribution is thus reserved to it attendant upon the jury’s verdict. (Cf. Zuckerman v City of New York, 66 AD2d 248; Greenberg v City of Yonkers, 45 AD2d 314; Williams v Twin Ponds Golf Assoc., 23 AD2d 956.)
The motion is denied.

 CPLR art 14; Dole v Dow Chem. Co., 30 NY2d 143.